PHILLIPS MOTOR COMPANY *v.* ROUSE.

4-6406                                              151 S. W. 2d 994

Opinion delivered June 16, 1941.

*Reid & Evrard,* for appellant.

*Claude F. Cooper, Zal B. Harrison* and *T. J. Crowder,* for appellee.

SMITH, J. This is a suit by appellees against appellant to recover damages to compensate injuries which appellees allege they sustained as the result of an automobile collision. Appellant concedes that the evidence before the trial court was sufficient to sustain the verdicts and the judgments thereon in favor of appellees as to liability, but contends the verdicts returned by the jury were excessive, and this appeal questions only the sufficiency of the testimony to sustain the amounts of the verdicts returned.

Appellee, J. M. Rouse, alleged and offered testimony tending to show that his body, legs, arms, and head were injured; that his back and his sacro-iliac joints were bruised, wrenched and sprained; that his left leg near the ankle was fractured and broken and the muscles thereof torn, wrenched and sprained; that he suffered a severe nervous shock, and that he had sustained permanent injuries. He alleged and testified that he had suffered great physical pain and mental anguish, and was still suffering, and that he had sustained an impairment of his earning capacity, and had lost time from his work, and had incurred obligations for medical, surgical and hospital treatment amounting to $75. There was a verdict and judgment in his favor for $4,000.

The collision which occasioned the injury occurred August 16, 1940. Appellee, J. M. Rouse, testified that he was knocked out of the truck and landed beneath it, and in crawling from under it his right leg was scalded in several places by the boiling water and steam escaping from appellant's car. He suffered a fracture of both bones of his left leg, the larger bone being split three to four inches above the ankle and down into the joint. There was a split fracture of the smaller bone, which was chipped off at the lower end. The tendons and cartilage of his ankle were torn loose and bruised and contused.

His back and hip were bruised and twisted, causing him much suffering, and he still suffers much pain in his back and hip. He had previously suffered an ailment of his back, but that condition was made much worse by reason of the accident.

Elmer Rouse, Jr., the other appellee, although only 18 years old, is married and has a child. He testified that he sustained bruises on his body, and cuts and lacerations on his hand, and that skin and some flesh were torn out of the palm of his hand, and that he sustained a rupture. There was a verdict and judgment in his favor for $2,000.

Two doctors were called, one for each side, and these witnesses testified with unusual candor and, apparently, without partisanship. Dr. Harris was the witness for appellee; Dr. Mahan for appellant. There is no substantial difference in their testimony; but we must assume that, insofar as there is a conflict in the testimony of these witnesses, the jury accepted the testimony of Dr. Harris, who stated that he treated J. M. Rouse, by bandaging his left ankle and leg, and that he administered sedatives to relieve the pain, and that he gave sedatives on subsequent occasions for the same purpose. He placed a cast or splint upon the injured leg, which remained there about two weeks, and then another cast was placed upon the leg, which remained until the last week in November, a period of nearly 100 days. During this time appellee, J. M. Rouse, suffered much pain, and was unable to walk without the use of crutches. At the time of the trial, January 28, 1941, the fracture was not completely healed, and Rouse's ankle was stiff and weak, and his foot turned out. Rouse also suffered much pain in his back and hip. Between the date of the injury and the date of the trial, Mr. Rouse had not been able to do any work of any kind. He was earning $2.50 per day at the time of his injury, and had the assurance of a job paying a higher wage.

The doctors would not state positively whether the injuries were permanent or not, but both were of opinion that satisfactory progress toward recovery was being made, and that Mr. Rouse would finally be able to use

his leg and ankle, but there was no assurance that his ankle would regain its normal strength. Dr. Mahan, called by appellant, testified that Rouse had sustained a fracture of both bones, and that he had a tenderness in his ankle, and a decided limp and that he walked with his foot turned out. Dr. Harris, called by appellee, testified that Mr. Rouse's ankle was stiff and weak, and that he could not stand on it for any length of time without suffering pain and becoming tired and weak.

As to Elmer Rouse, the testimony was to the effect that there was an enlargement of the inguinal ring to the extent that, by the insertion of the finger, the intestines could be felt. This condition was not characterized as a rupture, but was an abnormal condition which would probably result in a rupture, and especially so if hard labor were performed, and Elmer was advised not to lift heavy objects or to do heavy manual labor, and he was also advised to wear a truss. There was some question whether this condition was caused by the collision and the injury incident to it; but this was one of the questions passed upon by the jury.

We are of opinion that these verdicts were certainly liberal; but we are unable to say that they are so excessive that they must be reduced in amount. Certainly, the verdicts are not the result of prejudice, for liability for the injury is admitted. Juries have the same right to pass upon the question of the amount to be awarded as compensation for an injury that they have to pass upon the question of liability for the injury; and we may not set aside a verdict in either case where it is supported by substantial testimony. If, however, there is no substantial testimony to sustain a judgment as to amount, it is our duty to reduce it; and if there is no substantial testimony to sustain a finding as to liability, our duty to dismiss the cause of action is equally certain. Here, liability is admitted, and the infliction of a serious injury upon Mr. Rouse is admitted; and the jury has found— upon evidence which we think sufficient to support the finding—that Elmer has also sustained a serious injury.

Being unable to say that the judgments are excessive, they must be affirmed, and it is so ordered.