BRAMLETT *v.* WATTS.

5-1590                                                  314 S. W. 2d 490

Opinion delivered July 1, 1958.

*John G. Rye, Opie Rogers* and *Ray Trammell,* for appellant.

*John B. Driver* and *N. J. Henley,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellee, Watts, brought suit against appellant, Bramlett, to recover for personal injuries caused by collision of a heavily loaded truck, driven by Bramlett, with an automobile driven by appellee, on Highway 65 a short distance out of Marshall, Arkansas. Appellant answered with a general denial and specifically pleaded that any injuries that appellee received were proximately caused by appellee's own negligence. A jury trial resulted in a verdict for Watts in amount of $12,000 and this appeal followed.

For reversal appellant relies on the following points: "1. Jury's finding as to interrogatory No. 2 and No. 3 to effect plaintiff was absolutely free of any causal negligence was not based upon any substantial evidence and hence is error of law, 2. Failure to credit testimony showing plaintiff's negligence indicates mistake by jury in application of comparative negligence statute and this is reversible error, 3. The judgment is excessive, *etc.*" We do not agree with any of these contentions. Neither party complains about any instructions given. In fact, it appears that all instructions given clearly and fairly submitted the issues, and were agreed to by the parties.

Under our often repeated rule, when an appeal from a judgment on a jury's verdict reaches us, it is our duty to affirm that judgment if we find any substantial evidence to support the jury's verdict. Here we are not concerned with where the preponderance of the testimony rested, but only whether, as indicated, there was any substantial evidence to support the jury's finding and in determining whether the evidence was substantial we must give to the testimony its strongest probative force in favor of the successful party, that it will reasonably bear. "In determining the sufficiency of the evidence to sustain a verdict, the Supreme Court views the evidence in the light most favorable to the appellee, and will not set aside a verdict if supported by substantial evidence," (and cases there cited) *Albert* v. *Morris*, 208 Ark. 808, 187 S. W. 2d 909. Under interrogatories pro-

pounded to the jury by the court, the jury found that appellee Watts was guilty of no negligence, but that Bramlett was guilty of negligence.

The evidence shows that the collision occurred at about 9:45 p. m. while Watts was driving along Highway 65 well within his proper traffic lane, at a speed of about 30 miles per hour, and that appellant drove his truck across the center line over into appellee's lane striking and sideswiping appellee's car. Watts' left hand was outside the window holding the little vent glass at the time. Vent glass was about 4 inches wide. Appellee's witness, Billy Joe Holder, sheriff, who was called to the scene of the collision testified that Watts' car (appellant's abstract) "was in ditch on right hand side, and two lumber trucks were north of that on their side of road, on the shoulder. Looked for physical evidence which might show point of impact. Found glass and some dirt in Ford car's lane which looked like where accident did occur. Would not say how far because did not measure it. Watts' car pretty well broken up — windshield and door glasses broken out, body of the car injured. Car hit just before it got to the windshield, corner of the bed looked like it hit the car. Examined the truck involved. Truck not damaged. Truck loaded with oak lumber." This evidence was substantial and ample to support the verdict. As indicated above, we do not think the verdict excessive.

Watts testified (appellant's abstract) that he lost his forefinger as result of crash; his next finger is bent and cannot be straightened out, while hand was perfect previously; in palm is a heavy seam which is scar; little finger is numb, but some feeling in it has returned. He was under treatment for three months. Complete feeling has not returned to hand. Had pain and suffering for which he took pain pills. Couldn't sleep for two months. Still has some pain in hand after working. Hand stays cold. Was treated by Dr. Evans at Marshall and sent on to Little Rock to Dr. Kenneth Jones. Stayed in hospital for ten days. Made seven or eight trips back to Dr. Jones for dressing. At time of in-

jury was working at Gary, Indiana, taping and finishing sheet rock in connection with inside construction of new homes. Is skilled work consisting of putting mud in the crack where joints come together and then placing tape on there twice. He was earning $4 per hour. Job was waiting on his return. Worked six days a week and made $192 a week before deductions. Company worked for it had lots of houses and work, and that both hands very necessary in doing this work. Used forefinger and thumb of left hand to fold the tape in doing corners. That this is work which requires minute care and attention. Went back to work last of October or first of November; has not drawn same rate of pay because of his left hand. Cannot work as fast and is paid by the hour. Still owes $347.70 to Dr. Jones — hospital bills were covered by his insurance . . . he cannot use tools in left hand. Cannot use trowel but can use machine in work since machine has big end which he can grasp. Cannot work on location where machines are not used.

Dr. Kenneth Jones, orthopedic surgeon, Little Rock, Arkansas, testified that he first examined Watts at the Baptist Hospital July 7, 1956, Watts remained hospitalized until July 18, 1956 and was seen subsequently in the doctor's clinic on 7 occasions, the last October 18, 1956. Dr. Jones testified, relative to the condition of appellee at the time he discharged him, that: ''Considering the initial injury I feel that this patient has obtained a very good functional result. However, he does have a loss of the 2nd digit of the involved hand and has considerable limitation of motion in the 3rd digit of that hand. In addition there is a scar in the middle of the palm of the hand and for that reason it may be anticipated that at a later date function of the hand might be improved by turning a pedicle flap into the palm and loosening the adherent flexor digitorium profundis tendon to the middle digit. As it now stands, it is my opinion that the patient has lost approximately 40 per cent of the functional capacity of the hand.''

Appellee Watts was a young man 20 years of age, and a skilled workman earning $4 per hour, with steady employment of approximately 9 months a year. As a result of his injuries he is now handicapped with his left hand permanently injured with a loss of 40 per cent of its usefulness, which will materially affect his earnings. He has lost approximately four months employment, has incurred substantial hospital and surgical bills, and still owes a doctor bill of $347.70. He has suffered much pain and continues to suffer. Commenting on the excessiveness of jury verdicts we said in *Phillips Motor Co.* v. *Rouse*, 202 Ark. 641, 151 S. W. 2d 994, "Juries have the same right to pass upon the question of the amount to be awarded as compensation for an injury that they have to pass upon the question of liability for the injury; and we may not set aside a verdict in either case where it is supported by substantial testimony. If, however, there is no substantial testimony to sustain a judgment as to amount, it is our duty to reduce it; and if there is no substantial testimony to sustain a finding as to liability, our duty to dismiss the cause of action is equally certain."

Having concluded that there was substantial evidence to support appellant's liability for appellee's injuries, and that the amount of the verdict was not excessive, we affirm the **judgment.**