WRIGHT v. COVEY.

5-2402                                    349 S. W. 2d 344

Opinion delivered September 11, 1961.

[Rehearing denied October 16, 1961.]

*Mahony & Yocum,* for appellant.

*F. C. Crow, George F. Edwardes* and *Shaver, Tackett & Jones,* for appellee.

GEORGE ROSE SMITH, J. This action was brought by the appellee Covey to recover for personal injuries and property damage sustained by him when his car ran into the rear end of a stalled tractor-trailer combination that was owned by the appellant Wright and was being driven by Wright's employee, the appellant Hildebrand. The jury returned a verdict fixing Covey's total damages at $25,000 and attributing 25 per cent of the negligence to Covey and 75 per cent to Hildebrand. In appealing from the ensuing judgment for $18,750 the defendants question a number of the court's instructions to the jury and also complain of the size of the verdict.

The accident happened at about eight o'clock on a dark snowy night in February, 1960. The defendant Hildebrand had been driving east upon a two-lane paved highway in Lafayette county when, as a result of what the jury may have found to have been carelessness on his part, he ran out of gasoline. Before his rig came to a standstill he managed to drive it as far off the highway as he could without running into a ditch along the right-hand side of the road. The record does not support the appellants' contention that the tractor and trailer were almost entirely off the pavement. There is an abundance

of testimony, including that of Hildebrand himself, to show that the rig stopped parallel to the highway and about half on and half off the pavement.

A few minutes elapsed before the stalled vehicle was struck from behind by Covey's car. Hildebrand, after coming to a stop, first asked a passing motorist to send help from the next town. Then, in order to borrow a flashlight, Hildebrand flagged down a lumber truck that was coming from the opposite direction (the east) and was being driven by Samuel Barney. There is a dispute about where Barney's truck was standing at the time of the accident. Barney says that he originally stopped about 50 feet west of Hildebrand's rig, but he backed up 150 feet or more before alighting and handing a flashlight to Hildebrand. Covey testified, and the jury may have believed, that when the collision occurred the lumber truck was west of the tractor-trailer; a distance of twenty-five feet is mentioned.

Barney testified that when he saw the Covey car approaching he warned Hildebrand that ''it looks like he is not going to stop.'' Barney then jumped on his own running board and blinked his headlights repeatedly in an effort to warn Covey of the danger. Covey testified that he saw the lights of the lumber truck and assumed that it was in motion ''until I got right up at it.'' Covey said that after passing the lumber truck he had about a tenth of a second to see the tractor-trailer blocking his path; he was unable to avoid the collision. Covey's statement that the tractor-trailer had no lights burning is disputed by witnesses for the defendants.

I. The court submitted the case to the jury upon four special interrogatories which required the jury to determine (a) whether Hildebrand was negligent, (b) whether Covey was negligent, (c) the percentage of negligence attributable to each, and (d) Covey's total damages. By one of the court's general instructions the jury were told that the plaintiff's contributory negligence ''is not a bar to the right of recovery if it is of less degree than the negligence of the defendant. If contributory

negligence is shown on the part of a person injured or damaged the amount of his recovery (if he is entitled to recover) is diminished in proportion to such contributory negligence.'' The defendants objected to this instruction "for the reason that the jury is not concerned with, and should not be informed of, the effect that an answer to an instruction may have.'' This is the first point urged for reversal.

The appellants rely upon the rule, often announced in other jurisdictions, which prohibits a trial court, in submitting a case upon special interrogatories, from informing the jury of the effect that their answers may have upon the ultimate liability of the parties. *Mitchell* v. *Perkins,* 334 Mich. 192, 54 N. W. 2d 293; *Grasso* v. *Cannon Ball Motor Freight Lines,* 125 Tex. 154, 81 S. W. 2d 482; *Anderson* v. *Seelow,* 224 Wis. 230, 271 N. W. 844. The reason for the rule is that the special interrogatories are intended to elicit the jury's unbiassed judgment upon the issues of fact, and this purpose might be frustrated if the jurors are in a position to frame their answers with a conscious desire to aid one side or the other.

In the case at bar the court merely told the jury that contributory negligence is not a bar to recovery if it is of less degree than the defendant's negligence and that the plaintiff's recovery would be diminished in proportion to his contributory negligence. We do not think that the rather general language of this instruction, needless though it may have been, had the effect of telling the jurors anything which they as intelligent men might not have deduced from the wording of the special interrogatories. The jurors certainly realized that the court had a positive reason for requiring them to determine the percentage of the total negligence attributable to each of the drivers. That reason could only have been that the final judgment would be affected by the jurors' apportionment of fault. We are confident that the jury's action in attributing three-fourths of the blame to Hildebrand represents their unbiassed conclusion from the

testimony rather than a deliberate attempt to arrive at a preconceived result.

The point has caused us much anxiety, but we think the case falls within the principle announced in such cases as *Fort Worth & D. C. Ry. Co.* v. *Kiel,* Tex. Civ. App., 195 S. W. 2d 405: "Moreover, we are not to be understood as minimizing the importance of the rule against informing the jury of the effect their answers will have on the judgment, yet it has repeatedly been held that the rule is not violated if the jury be apprised of a matter they, of necessity, already knew. *Galveston H. & S. A. R. Co.* v. *Harling,* Tex. Com. App., 260 S. W. 1016; *C. W. Hahl Co.* v. *Burch,* Tex. Civ. App., 74 S.W. 2d 1040, writ dismissed, and cases cited; *Continental Oil Co.* v. *Barnes,* Tex. Civ. App., 97 S. W. 2d 494, writ refused.

"It is a matter of common knowledge to the bench and bar that counsel may argue long and loud to the jury that a certain issue should be answered in a particular way. It would tax one's credulity to say that a competent juror would not know from such argument that an answer as suggested by counsel would be favorable to his client and would be what counsel wanted as a basis for a judgment." In like manner we are unable to believe that, had the challenged instruction not been given, the jurors would have been wholly unaware of the fact that their apportionment of fault would have a substantive effect upon the ultimate liability of the parties.

II. The appellants criticize three of the court's instructions upon a ground which we may illustrate by quoting Instruction No. 22: "It is the duty of the driver of an automobile upon a public highway to exercise reasonable care, that is, such care as would be exercised by a reasonably prudent person in keeping a lookout for traffic upon the highway, and if the plaintiff failed to exercise such care, this would be evidence of negligence." It is insisted that the instruction should have ended with the positive statement, "then he was negligent," instead

of with the milder expression, "this would be evidence of negligence."

The appellants' criticism of the charge is technically correct. In many instances it is proper to say that a certain fact, such as the violation of a statute, is merely evidence of negligence rather than negligence in itself. *Gill* v. *Whiteside-Hemby Drug Co.*, 197 Ark. 425, 122 S. W. 2d 597. But this instruction is not confined to a particular fact; it is concerned with the plaintiff's failure to exercise such care as would be exercised by a reasonably prudent person. It must be obvious that the plaintiff's failure to conform to that standard of care is negligence, simply because that is really the legal definition of negligence. Hence the instruction should have been worded as the appellants suggest.

Despite the imperfection in the court's selection of language we are convinced that no prejudice to the appellants has been shown. The charge, as given, told the jury that certain conduct on the part of Covey would be evidence of negligence. Acting upon that instruction the jury found that Covey had in fact been negligent. In neither form did the instruction have anything to do with the *extent* of Covey's negligence. The most that the appellants could hope for under either form was an actual finding of negligence. Since that finding was made the error was demonstrably harmless, for the substantial rights of the appellants cannot have been affected.

III. The court was right in instructing the jury that "a motorist has a right to assume that the driver of another vehicle will obey traffic rules and exercise due care for his own safety and the safety of others, and to proceed on that assumption until he knows, or should know in the exercise of ordinary care, that the other party will not observe the traffic regulations." This instruction, as we pointed out in *Smith* v. *Wittman*, 227 Ark. 502, 300 S. W. 2d 600, merely stated an assumption that a motorist may rely upon in the operation of his car. Covey was entitled to assume that the paved

portion of the highway would not be obstructed by an unlighted stationary vehicle, and at the trial he was entitled to an instruction to that effect.

IV. By their Instruction No. 18 the appellants requested the court to tell the jury that if the lights from the lumber truck blinded Covey or interfered with his vision to the extent that he did not see the tractor-trailer "and that such was the sole and proximate cause of the collision, then the plaintiff cannot recover and you should find that the defendants were not negligent." Requested Instruction No. 19 was to the same effect, except that it combined Covey's possible negligence with the blinding effect of the lumber truck's lights.

These instructions were properly refused. In the first place, there is no direct evidence that the lights of the lumber truck had any blinding effect whatever upon Covey. It is simply argued that the jury might have drawn this inference from the testimony as a whole, and therefore the possibility should have been covered by the court's charge. The instructions, however, had sufficiently covered the general law of negligence, so that counsel were at liberty to make the same argument to the jury that they sought to have the court embody in its instructions.

In the second place, the requested instructions would have given undue prominence to a relatively unimportant circumstance—the rather natural effect that the lumber truck's lights would have in obscuring Covey's vision of conditions farther down the dark highway. At the same time the instruction made no mention of the most serious charge of negligence in the case—Hildebrand's asserted carelessness in leaving an unlighted vehicle upon the paved portion of the highway. Such an instruction, singling out and unduly emphasizing one factor in the case, is properly refused. *Rutland* v. *P. H. Ruebel & Co.*, 202 Ark. 987, 154 S. W. 2d 578.

V. In a minor contention it is argued that the court, in submitting the special interrogatories, should not have given a further explanation of what was meant

by negligence. It is not argued that this particular explanation would not have been correct if it had been embodied in the court's general charge, and we perceive no basis for the appellants to complain that the explanation was made at one time rather than at another. A related argument, that certain notations on the forms of verdict tended to inform the jury how their answers would affect the final judgment, is covered by Point I in this opinion. Moreover, this objection was not raised in the court below and cannot be urged here for the first time.

VI. The verdict is liberal, but we do not regard it as excessive. Covey's medical expenses and property damage came to about $2,000; so he was awarded $23,000 for his injuries. His most serious injury was a brain concussion and comminuted skull fracture at the right temple. For the latter condition he was sent to Shreveport, Louisiana, for an operation by a neuro-surgeon. During this operation a metal screen was placed inside the cranium, and Covey was left with a permanent scar and a sunken area at the site of the operation. He also sustained three broken ribs, a cut on the lip, and the bruises to be expected in a violent accident. In addition to enduring extreme pain at the time of the accident Covey was still suffering severe headaches at the date of trial, some seven months later. He testified that his hearing had been half destroyed and that his vision was not nearly as good as it had been. After a careful study of the record we find no basis for saying that the verdict is so grossly excessive as to require a remittitur. *Keeshan* v. *Hays,* 197 Ark. 755, 126 S. W. 2d 105; *Phillips Motor Co.* v. *Rouse,* 202 Ark. 641, 151 S. W. 2d 994.

Affirmed.

BOHLINGER, J., not participating.