WILLIAMS *v.* CLARK.

5-3320                                           382 S. W. 2d 366

Opinion delivered October 5, 1964.

*Wright, Lindsey, Jennings, Lester & Shults* and *Thomas E. Sparks,* for appellant.

*L. Weems Trussell,* for appellee.

JIM JOHNSON, Associate Justice. This is an action for damages for personal injuries sustained in one of a chain of automobile rear end collisions.

On November 10, 1962, appellee Faye V. Clark was a passenger in an Oldsmobile automobile being driven by her husband on Highway 71 in Washington County. They and their two passengers were en route to a foot-

ball game in Fayetteville. Ahead of the Oldsmobile was a Pontiac being driven by Mr. Samuel Campbell; behind was a Cadillac driven by appellant Garland Williams. Several cars ahead in the line of traffic came to a stop, as did Mr. Campbell. Mr. Clark braked sharply, but skidded into the rear of Campbell's Pontiac. Immediately after this collision Clark's Oldsmobile was struck from the rear by Williams' Cadillac. Appellee, riding in the front seat of the Oldsmobile, was thrown forward on her knees, her right foot twisted underneath her. About March 28, 1963, appellee filed suit in Dallas Circuit Court against appellant, three occupants of appellant's car and Mr. Campbell, owner of the Pontiac ahead. Trial was had on August 29, 1963, at which time the court directed a verdict in favor of all the defendants other than appellant, leaving appellee and appellant as the only parties to the suit. Appellant's motions for a directed verdict as to him were denied, and the jury subsequently returned a verdict for appellee in the sum of $25,000.00, for which sum judgment was entered. Appellant has appealed urging that (1) the court erred in refusing to grant his requests for a directed verdict, and (2) the verdict was grossly excessive.

Appellant moved for a directed verdict at the close of appellee's case and again at the conclusion of all the evidence, both of which motions were denied. In *Smith* v. *McEachin*, 186 Ark. 1132, 57 S. W. 2d 1043, the canon on directed verdicts was pronounced with such clarity that it will bear repeating again:

"It is a rule of universal application that, where the testimony is undisputed and from it all reasonable minds must draw the same conclusion of fact, it is the duty of the court to declare as a matter of law the conclusion to be reached; but, where there is any substantial evidence to support the verdict, the question must be submitted to the jury. In testing whether or not there is any substantial evidence in a given case, the evidence and all reasonable inferences deducible therefrom should be viewed in

the light most favorable to the party against whom the verdict is directed, and if there is any conflict in the evidence, or where the evidence is not in dispute but is in such a state that fair-minded men might draw different conclusions therefrom, it is error to direct a verdict.''

In the case at bar there was testimony of quite a few eyewitnesses, passengers and drivers of at least four cars, including appellant and appellee. Appellant's contention is that appellee was probably injured when her husband collided with the vehicle ahead of his, and that appellee failed to produce any substantial evidence to discharge appellee's burden of proving that she was injured as a result of appellant's negligence. Appellee's testimony was that when her husband hit the Pontiac ahead, she was thrown or slid forward to her knees, and that when appellant's Cadillac hit appellee's Oldsmobile from the right rear causing the rear of the Oldsmobile to swing out across the center line of the highway, it ''threw me and jarred me around and turned my ankle under me.'' Testimony of the driver of the Pontiac, Mr. Campbell, states that he was driving in the right hand lane, the Oldsmobile behind him, which hit him ''square across the rear end.'' Testimony of others corroborate that the Oldsmobile was in line behind the Pontiac, hit it squarely from the rear in the first collision after laying down some twenty feet of skidmarks from braking, and in the second collision the rear of the Oldsmobile was knocked or pushed sideways across the center highway line, snapping the car around. There was testimony that appellant was following the Oldsmobile more closely than was prudent considering the traffic and its speed, failed to exercise ordinary care in avoiding collision with the car in front, failed to keep a lookout and keep his automobile under reasonable control as to be able to check its speed or to stop, that he didn't brake his car but tried to pull into the left lane and while doing so struck the Oldsmobile, knocking it sideways across the highway. All of this is controverted, of course, but this and other evidence in the record, submitted to the

test of *Smith* v. *McEachin, supra,* convinces us the question of whether appellant was negligent and, if so, whether his negligence was a proximate cause of appellee's injuries was properly a jury question. Thus the trial court did not err in refusing to direct a verdict for appellant.

Appellant's second argument is that the verdict of the jury was grossly excessive.

In a recent case, *Beggs* v. *Stalnaker,* 237 Ark. 281, 372 S. W. 2d 600, this court reiterated its rule relative to damages as follows:

" 'Under our well established rule the amount of recovery in these personal injury cases is for the jury's fair determination and when supported by substantial testimony we do not disturb the verdict unless it is shown to have been influenced by prejudice and so grossly excessive as to shock the conscience of the court.' *Grandbush* v. *Grimmett,* 227 Ark. 197, 297 S. W. 2d 647.''

In addition to the testimony of appellee about the injury to her foot and ankle, its continued duration, the later inversion of her foot requiring a special cast and still later orthopedically-corrected shoes, the pain, swelling and discomfort she has continued to have, the irritability, tension and depression apparently resulting from the trauma of the accident, appellee and her husband testified how her injuries prevented appellee from performing many of her duties in their business and at home. He also corroborated her testimony about her physical and emotional damage. Three doctors testified on behalf of appellee. A Little Rock orthopedist testified that appellee had a permanent residual disability of 25% of the foot and ankle as a result of the severe mid-tarsal joint sprain, possible fracture and severe ligamentous injury. Appellee's family doctor testified that the permanent disability would be from 25% to 35% and that he was "more inclined to 35%"; that while he was not qualified to testify about personality changes, appellee

was more upset and nervous since the accident, suffered from agitated depression, had required various tranquilizers and on occasions sleeping tablets, and had lost 15 pounds in a two-month period following the collision. A Little Rock neurologist testified that from his examination and history, appellee had some predisposition toward acute chronic depression prior to the accident, that a chronic depressing reaction with anxiety was precipitated by the accident and, based upon his experience in the field of neurology, that these acute episodes of depression would tend to grow in severity in the future and should require treatment.

Appellant offered no medical or other testimony in contravention of appellee's damages.

"We cannot measure human suffering in dollars and cents, but we have in numbers of cases held that it entitled the sufferer to a substantial recovery in damages." *Gaster* v. *Hicks*, 181 Ark. 299, 25 S. W. 2d 760. While we as jurors might not have concurred with the verdict here returned, our province on appeal is confined to a determination of whether the amount of the verdict resulted from passion or prejudice or was so grossly excessive as to shock the conscience of the court. In order to preserve the sanctity of the jury system it has been wisely determined that juries have the same right to pass upon the question of the amount to be awarded as compensation for an injury that they have to pass upon the question of liability for the injury; and we may not set aside a verdict in either case where it is supported by subsantial testimony. *Phillips Motor Company* v. *Rouse,* 202 Ark. 641, 151 S. W. 2d 994.

Finding no error, the judgment is affirmed.

GEORGE ROSE SMITH. J., and ROBINSON, J., think the verdict is excessive.