CALDWELL v. SHOPTAW.

5-3445                385 S. W. 2d 799

Opinion delivered January 18, 1965.

*Cockrill, Laser, McGehee & Sharp*, for appellant.

*Martin, Dodds & Kidd*, by *J. L. Kidd*, for appellee.

GEORGE ROSE SMITH, J. In December of 1962 the appellee was injured in a collision between the car in which she was riding as a passenger and a car that was owned by the appellant and was being driven by his minor son. Mrs. Shoptaw brought suit for her injuries and received a verdict and judgment for $24,000. The appellant's only contention is that the award is excessive.

There is no question about Mrs. Shoptaw's having been seriously injured in the accident. She suffered a

broken collarbone, seven fractured ribs, a severe and painful neck sprain, and a back injury. On the day of the accident she was given emergency treatment at a hospital and was permitted to return to her home. After ten days, however, the neck sprain had not responded to treatment, and the pain was so severe that her physician placed her in a hospital for eight or nine days. The hospital and medical expenses have amounted to almost a thousand dollars.

At the time of trial, some sixteen months after the collision, the plaintiff was still experiencing sharp pain. According to the doctors who testified, there is a separation in the left shoulder joint and a grating of the bones upon movement. This condition is accompanied by pain and may continue for years. There is a remote possibility that surgery may become necessary.

Mrs. Shoptaw was 41 when the accident occurred. She had enjoyed water sports with her family and had engaged in part-time work as a book salesman. Her injuries caused a permanent partial disability which prevents her from continuing to participate in these activities. In addition, she can no longer do her housework and must employ outside help.

The plaintiff suffered a great deal before the trial and is confronted with the prospect of further suffering in the future from injuries that are partly disabling. The primary responsibility for fixing the amount of compensatory damages rested upon the jury. It might be thought that their award is liberal, but we are unanimously of the opinion that it is not so excessive as to call for corrective action in this court.

Affirmed.