Hᴜʀsʜᴇʟ LONG ᴀɴᴅ Fʀᴀɴᴋ A. ROGERS & CO., INC.
*v.* Rᴜᴛʜ HENDERSON

5-5354                                    459 S. W. 2d 542

Opinion delivered November 9, 1970

*Pickens, Pickens & Boyce* and *Barnett, Wheatley, Smith & Deacon,* for appellant.

*Hodges, Hodges & Hodges,* for appellee.

CARLETON HARRIS, Chief Justice. Ruth Henderson, appellee herein, was injured on June 16, 1967, when the automobile in which she was riding was struck from the rear by a pick-up truck, the automobile having stopped, waiting for a farm tractor pulling overwidth equipment to clear a bridge. The truck was owned by Frank A. Rogers & Company, Inc. and was operated by its employee, Hurshel Long. Suit was instituted by Miss Henderson for personal injuries which she alleged were sustained as a result of the accident. Appellee also asserted that fifteen months following this accident, she fell while climbing out of the bed of a pick-up truck, breaking her right leg, and it was contended that this fall was proximately related to a knee injury sustained in the automobile accident. When the case was called for trial, appellants first moved to exclude any reference to the broken leg, either in testimony, or by opening statement of counsel. It was contended that the fall was so remote in time that, as a matter of law, this occurrence could not be proximately related to the automobile accident, but was rather a result of intervening acts of the appellee. Appellants' counsel took the position that this evidence would be highly prejudicial, but the motion was overruled. Subsequently, testimony was presented regarding this broken leg, and the pain and disability connected with it, and at the conclusion of all the evidence, appellants again moved to withdraw from the jury's consideration any evidence relating to the broken leg, and they moved that the jury be instructed that the broken leg or any alleged damages flowing therefrom should not be considered. The court thereupon granted the motion. A verdict in the amount of $25,000 was returned for appellee and from the judgment so entered, appellants bring this appeal. For reversal, four points are relied upon, which will be discussed in the order listed.

It is first asserted that the verdict is excessive and is not supported by sufficient evidence. Miss Henderson, 56 years of age, when the automobile accident occurred, had been operating a grocery store with her brother prior to March, 1967, at which time the store burned,

and she did not work in the interim between March and June. She testified that when operating the store, the only money drawn from the business was an hourly wage paid to the witness and her brother, her wage being $1.60 per hour. Appellee said that she drew $3,328.00 for the year's work when the store was in operation, but following the accident, her sole employment was at the Rorex Grocery. The witness stated that she earned $331.00 for the last half of 1967, $1,685 in 1968, and nothing during the year 1969, "I haven't been able to work".[1] Miss Henderson detailed the nature of her injuries, relating that she was thrown out of her seat against the front seat severely injuring her right knee, was terribly bruised, and suffered a whiplash injury to the neck. She was not hospitalized, stating that she "had good help at home", this statement referring to her sister and brother with whom she lived. She said that she stayed in bed "about all the time" during the month of July, and that she endeavored to go back to work in the latter part of August. Appellee stated that she had suffered pain constantly as a result of injuries received in the car wreck. Her brother and sister testified that appellee had suffered severe pain since the automobile accident and had worn a knee brace or knee bandage constantly since that time; that at night it was necessary that she soak her foot and leg because of the pain. Ollie Brown, a friend, testified that she had visited appellee many times after the accident; that most of the time Miss Henderson wore a knee brace and bandage; that she appeared to be experiencing great pain.

Dr. T. E. Williams, a general practitioner in Newport, testified that his diagnosis of injuries sustained by Miss Henderson from the automobile accident, included a whiplash injury to the cervical spine, synovitis, which is an inflamation of the lining of the right knee joint on a traumatic basis, a hemorrhage in the right knee, and a tearing of the right knee ligaments. "The type of injury that she had in 1967 is something like a football injury, a tackle injury in which you get a

---

[1] She did not work at all after she fell and broke her leg in September, 1968.

number of associated injuries to the joint and that is what happened with the '67 injury, the tearing of the ligaments." The doctor said that he had told her that a knee brace would help, and he had advised that she stay in bed as much as possible. In his opinion, working or standing on her feet for eight hours a day would aggravate the injury that she had received. The witness testified that she was suffering from traumatic arthritis as a result of the automobile accident and that her condition would worsen as she grew older. He was emphatic in stating that her condition was a result of the June, 1967, automobile accident. Counsel for appellants objected to this testimony on the basis that, as a general practitioner, Williams was not qualified to express an opinion, stating:

"Dr. Williams is a fine Doctor and he is respected here in the community, but he is not an orthopedic surgeon and he is not the treating doctor on the broken leg and I object to his testimony in relating that to the automobile accident in 1967."

The court sustained the objection, but substantially the same question was asked several times later, and answered, without objection.[2] Williams testified:

"There is about three-quarters of an inch motion in this leg of the knee joint. You can move the knee joint about three-quarters of an inch laterally on either side showing such a terrific amount of instability to this area."

His views, summarized, were that Miss Henderson had received a permanent disability from the automobile accident, being total disability of the leg, and 50% disability to the body as a whole. He said that she was not able to work and would not be able to work in the future.

Appellants offered the testimony of Henry Turner, who had worked at the Rorex Super Market during the

[2]The evidence reflected that Williams, for about four years, made disability evaluations for the government.

time that Miss Henderson was employed. He said that she performed her duties and never complained. Jerry Smith, store manager at the time, testified that when she first started work, he did not need her services full time, but that she gradually worked more until she worked a full day. He said she was a good worker and never complained about her knee bothering her during working hours, but he did remember that several times she would comment that when she got home, the knee bothered her. He said that he did not recall seeing Miss Henderson wearing a knee brace.

It is argued that the amount of the verdict establishes that the evidence relating to appellee's fall in September, 1968, in which she broke her leg, was considered in determining the amount of damages she should recover. Of course, the court held this testimony inadmissible, and instructed the jury to disregard it. There was no motion for a mistrial, and appellants were apparently satisfied by the action taken by the trial court. It is mentioned that medical expenses of Miss Henderson between the time of the automobile accident and the time in which she fell and broke her leg, were somewhat small when compared to the size of the verdict, and this, argues appellant, is a strong circumstance indicating that her injuries at that time were not severe. Though a circumstance, we do not agree that it carries the weight argued by appellants. In *Caldwell v. Shoptaw,* 238 Ark. 930, 385 S. W. 2d 799, we upheld an award of $24,000 where the injuries do not appear to have been much more severe, nor the disability much greater, if any, than in the case before us. In *Williams v. Clark,* 238 Ark. 447, 382 S. W. 2d 366, a case bearing some similarity to the one at hand, Faye Clark was awarded $25,000 in damages. There, appellee was injured when the car in which she was riding was struck from the rear, and she testified that she was thrown forward on her knees, her right foot being "twisted" underneath her. The testimony relative to injuries was related by the court as follows:

"In addition to the testimony of appellee about the injury to her foot and ankle, its continued duration,

the later inversion of her foot requiring a special cast and still later orthopedically-corrected shoes, the pain, swelling and discomfort she has continued to have, the irritability, tension and depression apparently resulting from the trauma of the accident, appellee and her husband testified how her injuries prevented appellee from performing many of her duties in their business and at home. He also corroborated her testimony about her physical and emotional damage. Three doctors testified that appellee had a permanent residual disability of 25% of the foot and ankle as a result of the severe mid-tarsal joint sprain, possible fracture and severe ligamentous injury. Appellee's family doctor testified that the permanent disability would be from 25% to 35% and that he was 'more inclined to 35%'; that while he was not qualified to testify about personality changes, appellee was more upset and nervous since the accident, suffered from agitated depression, had required various tranquilizers and on occasion sleeping tablets, and had lost 15 pounds in a two-month period following the collision. A Little Rock neurologist testified that from his examination and history, appellee had some predisposition toward acute chronic depression prior to the accident, that a chronic depressing reaction with anxiety was precipitated by the accident and, based upon his experience in the field of neurology, that these acute episodes of depression would tend to gow in severity in the future and should require treatment.

Appellant offered no medical or other testimony in contravention of appellee's damages."

In the present case, let it be remembered that the Doctor's testimony was that appellee had suffered permanent disability to the leg and 50% disability to the body as a whole. It is true that no orthopedist testified, but of course appellants could have had Miss Henderson examined by such a specialist prior to the trial had they so desired. We have concluded that, though the award is liberal, it cannot be declared excessive.

It is next asserted that the court erred in submitting to the jury the issues of future medical expenses, future

loss of earnings, and loss of ability to earn in the future. Dr. Williams testified that Miss Henderson was not able to work and would not be able to work in the future. In *Check* v. *Meredith*, 243 Ark. 498, 420 S. W. 2d 866, we said:

"Where there is proof that the plaintiff, at the time of the trial, is still unable to work or is unable to earn as much as he did before he was injured, an instruction upon the loss of future earnings is proper. (citing cases)"

We also disagree with appellant on the question of future medical expenses. Dr. Williams found Miss Henderson to be permanently injured and he testified that, at the time of the trial, she was still suffering from synovitis, *i. e.,* an inflammation of the lining of the right knee joint, and from traumatic arthritis, both occasioned by the automobile accident in June, 1967. In *Vogler* v. *O'Neal*, 226 Ark. 1007, 295 S. W. 2d 629, this court, quoting an earlier case,[3] said:

"The measure of damages for a physical injury to the person may be broadly stated to be such sum, so far as it is susceptible of estimate in money, as will compensate plaintiff for all losses, subject to the limitations imposed by the doctrines of natural and proximate consequences, and of certainty, which he has sustained by reason of the injury, including compensation for his pain and suffering, for his loss of time, for medical attendance, and support during the period of his disablement, and for such permanent injury and continuing disability as he has sustained. Plaintiff is not limited in his recovery to specific pecuniary losses as to which there is direct proof, and it is obvious that certain of the results of a personal injury are unsusceptible of pecuniary admeasurement, from which it follows that in this class of cases the amount of the award rests largely within the discretion of the jury, the exercise of which must be governed by the circumstances and be

---

[3]*Coca-Cola Bottling Co. of Arkansas* v. *Adcox,* 189 Ark. 610, 74 S. W. 2d 771.

based on the evidence adduced, the controlling principle being that of securing to plaintiff a reasonable compensation for the injury which he has sustained."

In *Holmes* v. *Hollingsworth*, 234 Ark. 347, 352 S. W. 2d 96, this court commented:

"Appellant also claims that there is no evidence that Mrs. Hollingsworth will have any future pain or damages; and on this contention the appellant is also in error. Dr. Stone, one of the physicians who treated Mrs. Hollingsworth, testified that she received, *inter alia*, a whiplash injury; that she had to wear a neck collar for some time; that at the time of the trial (over fifteen months after the injuries) she was still in need of tranquilizer drugs; that she would continue to need them in the future; and would probably also have a recurrence of pain in the neck. In view of this and other testimony in the record, we cannot agree with the appellant's claim that there was no evidence to support an instruction on future pain, suffering, damages, or medical expense."

Certainly, the doctor's evidence as to the inflamed knee, and traumatic arthritis, which he testified would worsen as time went on, justified the instruction on future pain, suffering and medical expense.

It is next contended that the court erred in permitting counsel for plaintiff to portray Ruth Henderson as a helpless cripple in closing argument to the jury. Several pages of the transcript are devoted to reporting the argument, but the record reflects only one objection by counsel for appellants, as follows:

"We object to counsel for the plaintiff arguing loss of future earnings and future medical expenses when all the testimony shows that shortly after the accident Ruth Henderson resumed working and continued to work until the subsequent accident and that she had no permanent disability from the automobile accident and the court has already ruled that she is not entitled to any damages because of the subsequent accident in September 1968.

BY THE COURT:

Objection overruled as long as argument is confined to the automobile accident."

There are about three instances where appellee's counsel referred to the fact that she was unable, in her present condition, to do any work.[4] We find no merit in this contention. In the first place, we have already set out the only objection made during the course of the argument, and we do not interpret this as a continuing objection. In the next place, the doctor did testify that she was not able to work, and would not be able to work in the future, her condition, according to Williams, resulting from the automobile accident.

Finally, it is urged that the court erred in granting appellee's petition to tax the Reporter's fees for taking depositions as costs in the case. Following the entry of the judgment, appellee petitioned the court to tax the reporter's fees for taking the discovery deposition of one of the appellants, and the evidence deposition of a Dr. Sisk, as part of the costs to be recovered by appellee. This was done and appellants assert that this was error. We agree. This court has held many times that costs are a creature of statute and may not be taxed unless the same are specifically provided for statutorily. *Grayson v. Arrington*, 225 Ark. 922, 286 S. W. 2d 501. There is no statute applicable to civil cases *at law* which provides that the above mentioned fees are a proper item of court costs. Ark. Stat. Ann. § 27-1728 relates only to the presentation of proof in chancery cases, and there is no statute authorizing the taxing of such costs as far as discovery depositions are concerned.

Appellee asserts that the court erred in excluding consideration of the evidence relating to the broken leg

---

[4]"And if you think she is ever going to be able to work again in the condition she is in right now, you have seen her and talked with her, her testimony about her condition. * * * * She cannot work at this time. * * * * When she comes up to the second floor of the courthouse today there is pain and suffering."

received by Ruth Henderson in her fall, contending that the evidence linked the 1967 automobile accident with the 1968 fall from the truck. However, she says, "Appellee wants the issues on the cross appeal decided but does not want a remand if a direct appeal is affirmed". We decline to grant the request to determine this issue, having stated that we do not render advisory opinions. *Kays* v. *Boyd*, 145 Ark. 303, 224 S. W. 617.

In accordance with what has been said, the judgment dated October 7, 1969, is affirmed, but the order of November 25, 1969, insofar as it relates to the taxing as costs the reporter's fees for the taking of the two depositions herein mentioned, is reversed.

It is so ordered.