CONSTRUCTION ADVISORS, INC. and
WEAVER-BAILEY CONTRACTORS, INC. *v.*
Charles H. SHERRELL and Bernice B. SHERRELL

81-211                                  628 S.W. 2d 309

Supreme Court of Arkansas
Opinion delivered February 22, 1982

*Penix, Penix & Mixon,* for appellants.

*Robert D. Stroud* and *H. David Blair,* of *Murphy, Blair, Post & Stroud,* for appellees.

ROBERT H. DUDLEY, Justice. Appellee Charles Sherrell was injured while performing construction work on the Baxter-Travenol industrial plant at Ash Flat. The jury awarded $450,000 to appellee Charles Sherrell and $25,000 to appellee Bernice Sherrell for loss of consortium. Ninety percent of the negligence was apportioned to appellant Construction Advisors, Inc., and ten percent to appellant Weaver-Bailey Contractors, Inc. We affirm.

The primary issue on appeal is whether a comment by the judge to the jury compromised the rights of the appellants. While the issue is simple, the facts leading to the comment are rather complex. Baxter-Travenol Laboratories desired to construct a large industrial plant in Ash Flat and entered into a contract with appellant Construction Advisors. A part of the contract was that Construction Advisors would procure all of the contractors and subcontractors who would actually construct the plant. Construction Advisors was to have all of the supervisory responsibility over the construction work and had the specific duty of seeing that there was compliance with all safety laws and regulations. Appellant Construction Advisors subsequently entered into a contract with Fiske-Carter Construction Company to

perform the rough carpentry work and the masonry work. Appellee Charles Sherrell was an employee of Fiske-Carter. Appellant Weaver-Bailey was a concrete subcontractor under Fiske-Carter. The contracts of Fiske-Carter and Weaver-Bailey provided that they would comply with all safety codes. On the date of the injury Charles Sherrell was directed by his Fiske-Carter supervisor to assist one of Weaver-Bailey's crews in the finishing of a concrete floor. He was severely injured trying to move a 40-foot vibrating screed used to level wet concrete. Fiske-Carter's workers' compensation carrier commenced making payments to appellee. Because workers' compensation is an exclusive remedy for workers injured in the course of their employment, Charles Sherrell was *prohibited by law* from suing his employer, Fiske-Carter. However, Sherrell did have a cause of action against appellants Construction Advisors and Weaver-Bailey for failing to follow safety codes and creating an unreasonably dangerous work area. The appellees filed their suit against appellants and then appellant Construction Advisors filed a third party complaint against Fiske-Carter alleging that their contract provided for indemnity to appellant Construction Advisors. Two material procedural steps took place prior to trial: One, the indemnity suit by appellant Construction Advisors against Fiske-Carter Construction Company was severed for a later trial and, two, the trial court granted appellees' threshold motion to prohibit mention of the fact that appellee had received workers' compensation benefits.

During opening statement, during cross-examination and during closing argument the apparent strategy of appellant Construction Advisors was to lead the jury to believe there was some importance to the absence of Fiske-Carter. To illustrate, we quote from one of the many references to Fiske-Carter, this particular one being made during appellants' opening statement.

Fiske-Carter was Mr. Sherrell's employer. The Plaintiffs have *chosen* not to sue Fiske-Carter in this case ... but that does not mean that you are not going to be asked to consider whether or not Fiske-Carter is the one at fault, and I want you to keep in mind what I

think the proof is going to indicate to you . . . What was the involvement of Fiske-Carter, did they live up to their obligation to meet these OSHA regulations or not . . .

The case was submitted to the jury on interrogatories. All of the interrogatories were read to the jury but they were initially asked to decide only three. The three interrogatories asked the jury to determine whether appellee Charles Sherrell, appellant Construction Advisors and appellant Weaver-Bailey were negligent. After a short deliberation the jury returned to ask the court if they were to give a yes or no answer or a percentage answer. Then one juror stated:

I'd sure like to know why they didn't sue Fiske-Carter. A lot of us would. I will just put it that way.

In response, and by agreement of all parties, the judge replied:

. . . Fiske-Carter is a party to this lawsuit, but the extent of responsibility of Fiske-Carter, if any, is not being submitted to you at this time. The case has been separated to be tried in two stages, and we need . . . to take care of this part of the lawsuit now and then that part of it will be taken care of at that time. Now, let me re-emphasize to you, when you start trying to worry about something that you haven't been asked to worry about and trying to figure the ramifications of things, it does not help you reach justice but more likely injustice. It has been agreed that I tell you what I did because of your apparent concern about it, but I must remind you again to remember the evidence in this case, the instructions in this case without regard to any other part of this case or any other.

Then over the objection of appellants the judge made the following additional statement to the jury:

One other clarification, Mr. Sherrell won't be involved in the other part of the case.

Appellant Construction Advisors argues on appeal that when the jury was told that appellee Sherrell would not be involved in the subsequent trial there were two implications to the jury: One, appellee Sherrell would have no chance for additional damages and, two, appellant Construction Advisors had indemnity against the verdict.

Appellant is correct in stating that our rule prohibits a trial court, in submitting a case upon special interrogatories, from informing the jury of the effect that their answers may have on the ultimate liability of the parties. The reason for the rule is that the special interrogatories are intended to elicit the jury's unbiased judgment upon the issues of fact, and this purpose might be frustrated if the jurors are in a position to frame the answers with a conscious desire to aid one side or the other. *Wright* v. *Covey*, 233 Ark. 798, 349 S.W. 2d 344 (1961). We do not decide whether the comment by the court informed the jury of the effect of their answer to the interrogatories because the appellant led the jury to think that there was a great significance to the absence of Fiske-Carter, which in turn, quite naturally gave rise to the question by the juror. Even if the comment was error, it was invited. The trial court gave a factually correct answer which was not improper under these circumstances.

We quickly dispose of the second phase of the argument because the only comments which could have left a suggestion of indemnity were those comments agreed to by all parties.

Appellant Construction Advisors, the prime contractor, next contends that it has no liability to a subcontractor's employee when the prime contractor and the subcontractor agreed for the subcontractor to comply with all safety codes. It argues specifically that the trial court erred in not granting a directed verdict. Our general rule is that a prime contractor only has a duty to exercise ordinary care and to give warning in event there are any unusually hazardous conditions which might affect the welfare of the employees. *Gordon* v. *Matson*, 246 Ark. 533, 439 S.W. 2d 627 (1969). However, where the primary contractor is guilty of negligence which causes the injury there can be liability. *Aluminum Ore Co.* v.

*George,* 208 Ark. 419, 186 S.W. 2d 656 (1945). Thus, a prime contractor may be held liable for failure to perform a duty which it has undertaken. Here, Baxter-Travenol entered into a contract with Construction Advisors by which Construction Advisors undertook to supervise the construction and see that there was compliance with all safety laws and regulations. The safety codes are for the benefit of workers like Charles Sherrell and those workers were the third-party beneficiaries of the contract. Construction Advisors was liable to any worker injured as a result of its negligent failure to perform its contract. The fact that the subcontractor also agreed to comply with the safety codes does not absolve the prime contractor of liability. The trial court did not err in denying the motion for a directed verdict.

Affirmed.