Mel BRAGG *v.* MAYES, SUDDERTH & ETHEREDGE, INC. and Lashlee Steel Company

88-152                                          764 S.W.2d 44

Supreme Court of Arkansas
Opinion delivered January 30, 1989

*Gibson, Ellis, Parker & Tedder*, for appellant.

*Bridges, Young, Matthews, Holmes & Drake*, by: *Terry F. Wynne*, for appellee.

TOM GLAZE, Justice. This case is a second appeal. In a prior appeal, *Hill Construction Co. v. Bragg*, 291 Ark. 382, 725 S.W.2d 538 (1987), we found error in the failure to give certain jury instructions, and remanded this cause for a new trial. The earlier suit was brought by the appellant, Mel Bragg, an ironworker, concerning injuries he sustained when a steel column fell on him during the construction of a building. That action was against the general contractor, Hill Construction Co., and the architect and engineers, Mayes, Sudderth & Etheredge, Inc. (Mayes), who prepared the plans for the building.

After the reversal of the first appeal, Lashlee Steel Company (Lashlee) was joined as a tortfeasor who allegedly bore some

liability to Bragg for his injuries.[1] During the course of the second trial, Bragg and Hill Construction Co. settled their differences, whereby Bragg received the sum of $145,000.00; Hill Construction Co. was dismissed from the suit. When the trial proceeded, Bragg and the remaining defendants, Mayes and Lashlee, all made references concerning the settlement terms reached between Bragg and Hill Construction Co., and although those remarks were made before the jury, no one interposed an objection. After the parties presented their evidence and rested, the trial court submitted the case to the jury on special interrogatories, and the jury returned its verdict in favor of Mayes and Lashlee. Accordingly, the trial court dismissed Bragg's suit with prejudice, and Bragg brings this second appeal. We affirm.

Bragg's argument for reversal involves the settlement between Bragg and Hill Construction Co. and the trial court's allowing the amount of that settlement to be made a part of one of the interrogatories given the jury regarding the damages Bragg sought from Mayes and Lashlee. In this respect, the trial court read the following AMI 201 instruction with five interrogatories to the jury:

## AMI 201

After I have completed my instructions to you on the law in this case, you will be given a number of written questions called interrogatories. These interrogatories present the issues of fact which you must decide. In order that you may be fully acquainted with the issues of fact which are now being submitted in this case for your determination, I will now read these interrogatories, some or all of which you may be called upon to answer. You should keep this in mind as I explain the law that applies to this case.

INTERROGATORY NO. 1: Do you find from a preponderance of the evidence that Mayes, Sudderth & Etheredge, Inc. was guilty of negligence which was a

---

[1] Lashlee Steel became a defendant joint tortfeasor as a result of separate lawsuits against it by Bragg and Hill Construction Co. and those suits were consolidated with and made a part of the new trial which resulted from the earlier case this court reversed and remanded.

proximate cause of the occurrence?

Answer it "Yes" or "No."

INTERROGATORY NO. 2: Do you find from a preponderance of the evidence that Lashlee Steel was guilty of negligence which was a proximate cause of the occurrence?

The answer will be "Yes" or "No."

INTERROGATORY NO. 3: Do you find from a preponderance of the evidence that Mel Bragg was guilty of negligence which was a proximate cause of his damages?

Answer "Yes" or "No."

INTERROGATORY NO. 4: If you have answered at least two of the foregoing interrogatories "yes," then answer the following interrogatory.

Using 100% to represent the total responsibility for the occurrence of any injuries or damages resulting from it, apportion the responsibility between the parties whom you have found to be responsible.

Answer: Lashlee Steel, with a percentage, if any. Mayes, Sudderth & Etheredge, Inc., with a percentage, if any. And Mel Bragg with a percentage, if any.

INTERROGATORY NO. 5: State the amount of damages which you find from a preponderance of the evidence were sustained by Mel Bragg as a result of the accident, after first having deducted the $145,000 paid by Hill Construction Company.

Answer: $_____.

Bragg's objection to the foregoing instruction and interrogatories went only to the form of Interrogatory No. 5. He argued that Interrogatory No. 5, as written, was a comment on the evidence, since it informed the jury to deduct the $145,000 paid Bragg by Hill Construction Co. from the amount of damages Bragg sustained as a result of the negligence of Mayes and Lashlee. Bragg further argued that the comment made in

Interrogatory No. 5 tainted the other four interrogatories, because it permitted jurors to force the outcome by answering all of the interrogatories in a certain way since they knew what the outcome would be.

In keeping Bragg's contention in perspective, we should point out, as does Mayes on appeal, that while AMI 201 and all the foregoing interrogatories were *read* to the jury, only Interrogatories No. 1 through 3 were actually submitted to the jury. Because the jury answered No. 1 and 2 in the negative, relieving Mayes and Lashlee from fault, it was then unnecessary that Interrogatory No. 5 be answered, so it was never submitted.

■ When considering the manner in which this case was tried and submitted to the jury, we have difficulty in accepting Bragg's suggestion that he suffered any prejudicial error. The trial court clearly instructed the jurors that they may be called upon to answer *some or all* of the interrogatories read to them. They first considered those interrogatories concerning Mayes's and Lashlee's liability, and concluded neither was negligent. As a consequence, it was unnecessary for the jury to apportion the responsibility of Mayes and Lashlee, under Interrogatory No. 4, or to consider the issue of damages or the settlement language set out in Interrogatory No. 5, *Cf. Arhart* v. *Micro Switch Mfg. Co.,* 798 F.2d 291 (8th Cir. 1986). As a result, those interrogatories were not submitted to the jury. Although Bragg argues the trial court's reading of Interrogatory No. 5 tainted those interrogatories submitted to the jury, that argument rings hollow in view of how all parties presented their respective cases and arguments throughout the trial. As was found by the trial court, and conceded by the parties, counsel for Bragg and for Mayes or Lashlee made specific references to the $145,000 Hill Construction Co. settlement during voir dire and open and closing arguments. Obviously, if the submission of this case was in any way tainted by the fact Bragg received $145,000 from Hill Construction Co., that infection took place at the trial's beginning, when each party's strategy was to present the Bragg-Hill Construction Co. settlement as favoring his or its respective or opposing claims. The jury in this case was well aware of the facts stated in Interrogatory No. 5 long before that interrogatory was read to it. That being so, we fail to see how the language in Interrogatory No. 5 forced or led the jury to any particular

answer. Even if the language in the interrogatory would have otherwise been error, that error was invited by Bragg. *See Construction Advisors, Inc.* v. *Sherrill,* 275 Ark. 183, 628 S.W.2d 309 (1982).

For the above reasons, we affirm.