FULTON *v.* EWING.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—INADEQUATE BASIS
FOR DETERMINATION—RECORD.

Determination is not made as to whether or not trial court
committed error in refusing to permit police officer to answer
question put to him as to what plaintiff had said to the officer
when latter was investigating shooting affair at which plain-
tiff was injured, where the question appears only in the trial
court's opinion denying new trial and there is no record show-
ing of the context, the question not appearing in the printed
record and the transcript of the testimony in its original full
form is not returned.

2. SAME—QUESTIONS REVIEWABLE—RECORD.

No basis for finding of error is presented as to alleged error in
trial court's refusal to permit police officer to answer a question
as to amount of money plaintiff said was to be paid by de-
fendant, where the question does not appear in the printed
record of action for damages, is not referred to in trial judge's
opinion and Supreme Court has no means of knowing that the
question was actually asked, what the ruling was or the con-
nection in the testimony in which it was asked.

3. ASSAULT AND BATTERY—PROXIMATE RESULT OF SHOOTING—TUBER-
CULOSIS—EVIDENCE.

Consideration by jury of plaintiff's tuberculosis as a proximate
result of the shooting in action arising out of an alleged un-
provoked shooting was not error, as claimed by defendant,
where there was a physician's testimony and other evidence in
the record about the development of the tuberculosis which
was discovered about 9 months after the shooting.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  3 Am Jur, Appeal and Error §§ 246 *et seq.;* 567 *et seq.*
[3]  4 Am Jur, Assault and Battery § 182.
[4]  4 Am Jur, Assault and Battery §§ 38 *et seq.,* 148; 53 Am Jur,
Trial § 527.
[5]  4 Am Jur, Assault and Battery § 197.
[6]  Generally as to remittitur, see 3 Am Jur, Appeal and Error § 1173
*et seq.;* 15 Am Jur, Damages § 205.
[7]  14 Am Jur, Costs § 92.

4. SAME—INSTRUCTIONS—REQUEST TO CHARGE—AGGRESSION.

Instruction in civil action for assault and battery that defendant had the burden of showing by a preponderance of the evidence that plaintiff had unlawfully attacked him afforded defendant no just ground for complaint, where given in practically the very words and in substance of defendant's written request to charge and trial court elsewhere in his charge substantially instructed jury that plaintiff must prove by a preponderance of the evidence that defendant was the aggressor.

5. DAMAGES—SHOOTING—EXCESSIVE VERDICT—REMITTITUR.

Failure of trial court to grant a new trial unconditionally rather than permit filing of $2,500 remittitur from $14,000 verdict for 26½-year-old plaintiff on ground that verdict was excessive was not error in action for damages resulting from a shooting by defendant, where plaintiff's femur was fractured, medical and hospital bills totalled at least $3,900, plaintiff has a permanent impairment of his hip, continues to suffer pain, has been unable to work more than 2 weeks in upwards of 3 years and had been earning $1.35 an hour.

6. APPEAL AND ERROR—REMITTITUR—RESCISSION—CANCELLATION.

A plaintiff who filed an absolute remittitur is not entitled to rescind it after defendant has taken an appeal from the judgment in the reduced amount, where judgment was entered conditioned upon plaintiff's filing of the remittitur and such appeal did not cancel the remittitur.

7. COSTS—APPEAL BY BOTH PARTIES—AFFIRMANCE.

No costs on appeal are allowed either party, where judgment, entered after plaintiff filed a remittitur, is affirmed, and both parties had appealed, since neither party has prevailed to a full extent.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 17, 1952. (Docket No. 86, Calendar No. 45,621.) Decided March 10, 1953.

Case by Jesse Fulton against Hosea Ewing for damages resulting from unprovoked shooting. Verdict and judgment for plaintiff. Remittitur filed by plaintiff. Defendant appeals. Plaintiff cross-appeals. Affirmed.

*Dann & Rosenbaum* (*Frank C. Sibley,* of counsel), for plaintiff.

*William L. Colden* (*George Stone,* of counsel), for defendant.

REID, J. This is an action at law in which plaintiff seeks damages for injuries which he claims he received by reason of an unprovoked shooting by defendant, from which plaintiff sustained a wound in his right thigh and hip. The jury rendered a verdict for the plaintiff for $14,000. The court required a remittitur of the sum of $2,500, otherwise the verdict would be set aside and a new trial would be granted. The remittitur was timely filed. Defendant appeals from a judgment against him for $11,500. Plaintiff cross-appeals.

Plaintiff claims that on the morning of December 26, 1948, while at the residence of Frank Friday, 6342 West Jefferson, Detroit, he had won a bet of $2 from defendant in a card game known as "Georgia Skin;" that defendant claimed the bet was for only $1; that plaintiff told defendant to "stop and think;" that defendant thereupon stated, "I am going to pay this money off, but you S O B I am going to get it back;" that defendant pulled his gun out, aimed it at plaintiff's heart; that plaintiff knocked the gun down to prevent being shot in the heart; that then defendant fired the gun and hit plaintiff in the leg and knocked him to the floor. Plaintiff says that "from the looks" of defendant's face, defendant meant to kill plaintiff, and plaintiff says he did nothing to require or provoke defendant to shoot plaintiff. Plaintiff's testimony to the foregoing effect was supported in general by his wife and 3 other *res gestae* witnesses, who also testified that plaintiff's wife and other bystanders intervened to prevent defendant from again shooting plaintiff.

Defendant claimed and testified that he shot the gun in self-defense and because plaintiff pulled out a knife before defendant shot. Defendant produced a witness who testified that witness took the gun from the floor as witness came into the room immediately following the shooting, that the gun fell from defendant's hand, and that there was also a knife on the floor.

Defendant claims error on the part of the court for not permitting police officer Zillick to answer the question, "What did the plaintiff, Jesse Fulton, say to you regarding prosecution?" This question does not appear in the printed record of the testimony, the transcript of the testimony in its original full form is not returned, and the only information we have available concerning this question is what is recited by the court in the following excerpt from the judge's opinion on denial of motion for new trial:

"The third reason has for assignment the refusal of the court over what the court deemed was a proper objection to permit Peter Zelek [Zillick], a police officer of the department of police of the city of Detroit, who was called as a witness for the defendant to answer the following question: 'What did the plaintiff, Jesse Fulton, say to you regarding prosecution?' The court felt at that time, and still is of the opinion, that this was a method of getting some evidence before the jury on a collateral matter that did not rightfully belong in the record. The court does not recall that Jesse Fulton was questioned at length on cross-examination as to any conduct in this respect that would authorize the foregoing question to be asked of one of the investigating officers. Not only was the court of the impression that it was a collateral issue but smacked somewhat of entering the area of proposed composition of litigation or settlement or adjustment of claims; and the court is still of the opinion that a

proper ruling under all the circumstances was made by the court in sustaining the objection of plaintiff's counsel."

With no record showing of the context, we find no basis for determination that the court's refusal to permit an answer to this question was reversible error.

Defendant also predicates error on the court's refusal to permit an answer by witness Zillick to the following question, "What did the plaintiff, Jesse Fulton, say to you regarding the amount of money to be paid by Mr. Ewing?" This question is also not in the printed record. It is not referred to in the judge's opinion. We have no means of knowing that this question was actually asked, what ruling if any the court made, if it was asked, nor the connection in the testimony in which it was asked. There is no basis for a finding of error in this particular.

Defendant also predicates error because the court permitted the jury to consider plaintiff's tuberculosis, which became apparent 9 months after the shooting, as a proximate result of the shooting.

Dr. George Kinsley testified on the trial as follows:

"In my opinion there is a causal relationship between the gun shot wound—there could be a causal relationship between the gun shot wound and the accident as described; and the pulmonary tuberculosis which later became evident, because of the shock of the accident, the anaesthesia, the rather prolonged hospitalization and post-operative convalescence, all with subnormal intake food, or subnormal nutrition intake; all of those things could have contributed to the clinical precipitation of the pulmonary tuberculosis, in my opinion."

There is other testimony in the record about the development of the tuberculosis.

A careful review of the record impels us to affirm the ruling of the court, permitting consideration by the jury of tuberculosis as resulting from the shooting.

Defendant predicates error on the instruction given the jury by the court on the subject of the burden being on the defendant to show by a preponderance of the evidence that plaintiff unlawfully attacked him.

Defendant's statement of his question involved fails to give a correct impression of the court's charge. The charge as actually given by the court on this subject is in practically the very words and is in substance as the defendant in his written request requested the judge to charge the jury. Defendant has no just ground for complaint in such particular.

The court elsewhere in his charge, substantially instructed the jury that the plaintiff in order to warrant a verdict in his favor must prove by a preponderance of evidence that defendant was the aggressor.

Defendant claims that the court erred in not granting unconditionally a new trial, and seems to claim that the amount of the verdict for $14,000 is excessive.

There is testimony to show that at and until the time of the shooting, plaintiff was in good health; he was about 26 1/2 years of age and was earning $1.35 an hour. Plaintiff sustained a fracture of the neck of the femur. The broken parts were nailed together. Plaintiff testified that after his injury he worked but 2 weeks, after which he was unable to obtain employment, due to his injury; that after he was shot on the evening in question, he was knocked down by the pistol; that he spent 22 days in the Receiving hospital; that the bullet had entered his right leg; that after he was taken to the hospital, he lost consciousness for an hour or 2; that in operat-

ing his right leg was split (*i.e.*, cut open) up the side about 10 inches; that for 10 days he had a heavy weight on his leg to keep it straight; that after he left the hospital, he was unable to walk without crutches, and had to use crutches for about 8 months; that he got out of the hospital in January, 1949; that November 6, 1949, he discovered that he had tuberculosis when examined at out-patient clinic at Veterans hospital in Dearborn; that on the same day he was sent to Herman Kiefer hospital; that March 9, 1950, he was admitted to Maybury sanitarium, where he remained 5 months; that he was at Herman Kiefer hospital from August 30, 1950, until October 26, 1951; that he was operated on at Herman Kiefer hospital on the right side of his body and as to his right lung; that he has a present impairment from this injury to his hip; that on "days like today" it pains him and that he is not able to put all his weight on his right leg without pain.

Total charges of Receiving hospital, Detroit, for plaintiff were $546.35, including surgery, $125; and of Herman Kiefer hospital, $3,252.39, including "other surgical proceedings, right upper lobe dissection."

Plaintiff testified that after his operation, his tuberculosis has been controlled but he is not able to work until he gets a statement from the Herman Kiefer hospital; that when that would be, he does not know.

The trial judge was uncertain whether more was included in the verdict by the jury for loss of wages than the record would support, and, hence, required the remittitur of $2,500 as necessary to denial of a new trial. The entire record persuades us that the jury did not allow an excessive amount on account of loss of earnings.

Plaintiff at cross-appellant desires the remittitur cancelled and the amount of original verdict restored.

The remittitur filed by plaintiff, February 26, 1952, is as follows:

"In pursuance to the order of the court herein, dated the 14th day of February, A.D., 1952, Jesse Fulton, plaintiff herein, hereby remits, releases and forever forgives the sum of $2,500 of the amount of damages awarded to him by the verdict of the jury in this action.

(Signed) "Jesse Fulton,
"Plaintiff."

After the court accepted the compliance by plaintiff with the terms of the court's order, dated February 14, 1952, requiring the remittitur to be filed by plaintiff on or before 15 days from February 11, 1952, and after the entry by the court of judgment for plaintiff in the reduced amount of $11,500 on February 27, 1952, the plaintiff is not entitled to rescind his remittitur under the record in this case. The remittitur is absolute in its express terms. The appeal taken by defendant from the judgment for the reduced amount, did not cancel the remittitur.

The judgment for plaintiff for $11,500 with costs in the trial court, is affirmed. No costs are allowed in this Court, neither party having prevailed to a full extent on appeal.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, Sharpe, and Boyles, JJ., concurred.