GRANDBUSH v. GRIMMETT.

5-1126                                  297 S. W. 2d 647

Opinion delivered January 14, 1957.

*Harry Crumpler, W. H. Kitchens, Jr.,* and *Lawrence Mitchell,* for appellant.

*Denman & Denman,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellee, J. Byron Grimmett, while in the employ of appellants, a drilling company, and in the course of his employment was seriously injured. The present suit was filed against appellants and a jury awarded him $7,500 damages. From the judgment is this appeal. It appears that appellants had no workmen's compensation coverage.

For reversal the drilling company says: "The appellants do not now nor did they at the trial of this cause deny liability and this appeal is taken on the sole and only question of whether the verdict of the Nevada Circuit Court is excessive." Under our well established rule the amount of recovery in these personal injury cases is for the jury's fair determination and when supported by substantial testimony we do not disturb the verdict unless it is shown to have been influenced by prejudice or so grossly excessive as to shock the conscience of the court. See *Ward* v. *Blackwood,* 48 Ark. 396, 3 S. W. 624; and *Hill* v. *Whitney,* 213 Ark. 368, 210 S. W.

2d 800. While the verdict appears to be adequate, we hold that it is not excessive in the circumstances.

Appellee (27 years of age and now a medical student in Little Rock) testified that he was thrown from a catwalk while assisting in setting a 30 ft. casing (some 5½ in. to 6 in. in diameter). He was ·struck by the pipe, knocked unconscious and did not regain consciousness until after he reached the hospital. As a result of his injuries his upper jawbone and his lower jawbone were fractured and they were wired back in place. His pain and suffering were severe and he continued to suffer some pain at the time of trial. He testified: "The bottom jawbone, or mandible, comes back and makes a crook here (indicating) or right angles, you might say. It is broken high on each side and I believe the x-ray will show that; and across the top of my mouth, the palate—it was broken across— . . . The upper jaw. It was broken across—the front was floating all loose, and my throat—I don't know whether you could see from where you are sitting—there was a piece of cartilage which was bruised or broken; but it has grown back and enlarged, and it bothers in swallowing . . . Q. As a result of this injury, have you suffered pain? A. Well yes, sir. I have had headaches and I have a sore throat, and have had since I got hurt . . . I can't open my mouth as far as I used to . . . Q. The width of two fingers, and that is as far as you can open it? A. Yes, sir. I can't eat a sandwich, if it is a big sandwich. Q. Your neck there; how is that affected? A. Well, it makes my neck sore in swallowing food and stuff. It keeps it irritated. Here is the Adam's Apple (indicating) and right below you can see a piece of cartilage, and it is smaller when it is normal, and when it was burst, it grew back bigger. It partly occludes the food, and when I chew and swallow, it hurts . . . Q. What about your teeth? . . . A. I can go this way some (indicating); I can move my lower jaw to the left some, but to the right, I can move it, see, and it goes that way (illustrating), if you work it, it will go both ways. The break was high in here, and mashed up the joint. You can hear it pop . . . These teeth hang

over the front now, and they didn't before and they ground off my jaw teeth. Q. Has the dentist worked on your teeth to try to make them fit? A. Yes sir, and he is going to work on them some more. Q. Do they fit yet? A. No, sir . . . A. My teeth in front—upper front teeth are numb—I guess the nerves —they don't have the feeling they used to have . . ." There was medical testimony tending to corroborate appellee and also that his injuries are permanent. His hospital and medical bills amounted to approximately $793 and additional treatment by his dentist is necessary at an estimated cost of $500.

We do not attempt to detail all of the testimony, it suffices to say that the evidence was substantial and ample to support the verdict and we do not find it excessive. Affirmed.