ARK. LA. GAS CO. *v.* STRICKLAND.

5-3297                                              379 S. W. 2d 280

Opinion delivered June 1, 1964.

*Mahony & Yocum,* for appellant.

*Brown, Compton & Prewett,* for appellee.

PAUL WARD, Associate Justice. This is a personal injury case where appellant's only complaint on appeal is that the judgments are excessive.

Appellee, Jack L. Strickland, had been an employee of Calhoun County for several years prior to July 25, 1962, engaged in operating heavy road equipment—principally a road grader. On the date mentioned, while he was attempting to remove an obstruction from the road with the grader blade, he struck a six inch gas line belonging to appellant (Arkansas Louisiana Gas Company). The gas line was broken and the gas was instantly ignited. As a result the appellee was burned, particularly about the face and on the left arm and hand. Also, when he jumped from the grader he allegedly injured his left knee. He was in the hospital 13 days for which his bill was $262, and he has paid out $60 for doctor bills and $75 for medicine. As a direct result of the injury he lost 35 days of work during which time he drew his regular salary. He has been working ever since—a period of some 15 months.

Mr. Strickland filed suit against appellant for his injuries, and his wife sued for the loss of consortium. A jury trial resulted in a verdict and judgment in favor of Mr. Strickland in the sum of $7,500 and in favor of Mrs. Strickland in the sum of $2,500.

Appellant presents a forceful argument to the effect that the evidence does not justify a judgment in the amount of $7,500 in favor of Mr. Strickland, particularly in view of what we have held in other cases to which our attention is called wherein the extent of injuries was somewhat comparable to the injury in this case. In *Missouri Pacific Transportation Co.* v. *Kinney,* 199 Ark. 512, 135 S. W. 2d 56 (1939), a judgment for $8,000 was reduced to $4,000; in *Sloan* v. *Hathcoat,* 199 Ark. 530, 134 S. W. 2d 873 (1939), a judgment of $3,750 was reduced to $2,000; and in *Duty* v. *Gunter,* 234 Ark. 176, 350 S. W. 2d 908 (1961), a judgment of $7,500 (including damage to a truck) was reduced to $4,700. However, in the case of *Turchi* v. *Shepperd,* 230 Ark. 899, 904, 327 S. W. 2d 533 (1959), we said:

"A comparison of awards made in other cases is a most unsatisfactory method of determining a proper

award in a particular case, not only because the degree of injury is rarely the same, but also because the dollar no longer has its prior value.''

That statement is applicable to this case we think. Not only were the first two cited cases decided 25 years ago, but there are other recognizable differences between those cases and this case. In the *Kinney* decision we said:

"While we think the testimony did not warrant the giving of the instruction on permanent injury and future pain and suffering, in the form it went to the jury, any prejudice resulting to appellants may be removed by reducing the judgment . . .''

Although the *Gunter* case is a recent one, the injuries appeared to be slight. "Gunter was not in the hospital more than thirty or forty minutes . . . His medical expense was nominal . . .''

The evidence in the case under consideration in substance shows: Mr. Strickland's clothes caught on fire while he was on the grader; when he jumped off, his knee was injured and still gives him trouble at times; he was taken by a friend to the hospital in Fordyce where he remained 13 days; while there he suffered pain and was given sedatives; he was burned on the leg, on the face, on his left hand and on his left arm. The burn on his face caused a change in the texture and complexion of the skin. The doctors described the injury to his arm as follows:

"A. The forearm had an over growth of scar tissue, which is an elevated area, which had healed, this is an irregular shaped scar and it is 7 inches in length from the top to bottom and is a loop about the size of a silver dollar or slightly more about in the center of this keloid, or scar.

"Q. That keloid scar will be there the rest of his life?

"A. Yes, he can have it treated, but the chances are it will still be there.

Mr. Strickland testified (corroborated by his wife) that he is still nervous and has trouble sleeping. It appears that he will have to be careful about working in the hot sun.

Viewing the testimony in the light most favorable to sustain the verdict of the jury, and in view of what we have heretofore said, we are unwilling to say, as a matter of law, the verdict is not supported by substantial evidence.

We have reached the conclusion, however, that the judgment of $2,500 in favor of Mrs. Strickland is excessive. In support of her claim for $2,500 for loss ''of the consortium of her husband,'' Mrs. Strickland, in substance, testified: I attended my husband at the hospital every day, and he seemed to be in pain.

''Q. Did he ever have trouble sleeping at night?

''A. Yes, sir.

''Q. What did you do for that?

''A. I gave him tablets.

\* \* \* \*

''Q. Give us some examples, please, of the duties you had to perform around the house?

''A. I had to feed the chickens, the hogs, dogs and horse, get the water and wood.

''Q. How many cows do you have?

''A. I don't have a cow.

''Q. How many horses?

''A. One.

''Q. You fed the horses and hogs and chickens?

''A. Yes, sir.

''Q. How many hogs do you have?

''A. Around 45.

\* \* \* \*

"Q. I understand that your son and daughter were living there?

"A. Yes, sir, they work . . ."

The record shows that Mr. Strickland performed the above mentioned chores before he was injured. These being services which he is no longer able to perform, the logical presumption seems to be that the jury took that element into consideration in fixing the amount of his damages. Moreover, we fail to comprehend how the above mentioned chores comport with the word consortium as it is ordinarily used. It is defined by Black's Law Dictionary as follows:

"Conjugal fellowship of husband and wife, and the right of each to the company, co-operation, affection, and aid of the other in every conjugal relation."

Since the record does not disclose to what extent Mr. Strickland is unable to sleep or how often his wife must give him a tablet, we are driven to the conclusion that the evidence does not support a judgment in excess of $1,000 in favor of Mrs. Strickland.

If, within seventeen calendar days, a remittitur be entered in keeping with this opinion, the judgments are affirmed as reduced. Otherwise, the case will be reversed and the entire cause will be remanded for a new trial.

Modified and affirmed on Entry of Remittitur.

Johnson, J., dissents as to remittitur.