STERLING STORES, INC. *v.* MARTIN.

5-3448                    386 S. W. 2d 711

Opinion delivered February 8, 1965.

[Rehearing denied March 8, 1965.]

*Wright, Lindsey, Jennings, Lester & Shults*, for appellant.

*Milton G. Robinson*, for appellee.

PAUL WARD, Associate Justice. This litigation grows out of an injury resulting from a "swinging door" accident.

Appellant (Sterling Stores Company, Inc.) conducts a variety store in Stuttgart in a building facing Main Street. Prospective patrons enter and exit the building through two entrances on Main Street set back (into the building) three or four steps from the building line. At each entrance there are two swinging doors with double action hinges.

In her complaint appellee (Pattie J. Martin) alleged that after she had passed through one particular door (and was inside the building) she was suddenly struck by said door (on the back swing) with great force and violence; and, that the bottom of the door hit her across the top of the foot or instep while her foot was resting on the floor, resulting in severe injuries. Appellee also alleged specific instances of negligence, on the part of appellant, including the following: the said door was very heavy and had a metal strip across the bottom; that the bottom of the door was one and one-half inches from the floor of the building; that the springs on the door were adjusted to make it swing harder than was necessary; and, that appellant knew of these conditions of the door. Appellant denied all material allegations, and argued that the accident was unavoidable, and that all injuries were caused by appellee's negligence and carelessness.

The case was presented to a jury on the pleadings, depositions and oral testimony, and the trial resulted in a verdict in favor of appellee in the mount of $8,640. Appellant now prosecutes this appeal seeking a reversal on the ground that the trial court erred: *One,* in refusing to

grant its motion for a directed verdict; *Two,* in refusing to declare a mistrial; and, *Three,* in giving certain instructions. Appellant also contends the verdict is excessive.

*One.* Appellant did not demur to the complaint, but did offer the following instruction, which was refused by the court:

"At the close of the entire case, the Court instructs the jury that under the law and the evidence the plaintiff cannot recover from the defendant Sterling Stores and your verdict will be for the defendant."

Although the meaning of the above instruction is not entirely clear, we will treat it as a challenge to the sufficiency of the evidence to support the jury verdict. The burden of appellant's contention in this connection appears to be that there is no evidence to show any negligence on its part—calling attention to the fact that there is nothing in the testimony to show the door was defective, or that it differed in any way from the normal door used under the same conditions. A summary of the testimony offered on behalf of Mrs. Martin refutes, we think, the position taken by appellant on this point.

Appellee testified in substance: The door I went through (also the other doors) will swing open toward the inside and the outside; the door was open on the inside when I went through it—it was pushed back all the way as I have seen it on numerous occasions before; as I put my right foot in I saw the door coming and I threw up my hands, but it was coming with such force I couldn't hold it back; the door struck my foot — just rolled up on my foot, i.e. my foot was caught under the door, and Mrs. Cash had to help me get it free. I have been trading at that store for seventeen years. Appellee's husband testified: I inspected the door at the request of my attorney; it has three double-spring hinges which can be adjusted to make it swing harder or easier, and weighs about 75 or 80 pounds; I examined the hinges and they didn't appear to have been adjusted lately; the

door did not have a register to slow it down, but had a metal strip on the bottom. Other testimony showed the bottom of the door was about one and one-half inches above the floor. A Mrs. Cash testified she was in the store when the accident happened, saw the door when it swung toward appellee and hit her, and called a doctor. Ola Mae White who has worked for appellant several years in the Stuttgart store testified: I am familiar with the door in question; there is no way to prop the door back on the inside because of a popcorn machine. Mrs. John Raab, a witness for appellant, testified on cross-examination she was familiar with the door, that it swung too hard and that "it would hit you like a ton of brick".

Viewing the above evidence in the light most favorable to appellee, we cannot say there is no substantial evidence from which the jury could have found appellant guilty of negligence in failing to adjust the hinges of the door to make it swing easier and in allowing the bottom of the door to swing one and one-half inches above the floor. It is urged that "liability of the owner or tenant of a building for injury resulting from the defective or dangerous condition of a swinging door must be predicated upon knowledge of such condition upon the part of such owner or tenant". This matter will be referred to under the next point. We feel it would serve no useful purpose to review the many authorities cited in appellant's brief on this point, because none of them announces any legal bar to recovery in a case of this nature.

*Two.* (a) In the opening statement appellees' counsel made this statement:

"Now I think the proof in this case will show that the doors that are now located at the Sterling Store is not the same door that was involved in this accident."

Appellant objected to the statement and asked for a mistrial. In chambers the trial judge told appellees' attorney, for the record, he would only be allowed to introduce evidence with reference to the door in place at the time of the accident, and there was no further objection or

request by appellant on that point. In fact, a fair inference from appellant's reply is that he was satisfied with the court's ruling. It would be unfair now, we think, to find reversible error was committed under those circumstances.

(b)   Under this same point appellant raises another question that has given us considerable concern. C. M. Baldenweck (manager of the store at Stuttgart) was called as a witness by appellant. On cross-examination the following occurred:

"By Mr. Robinson:

"Q.   Do you know that other people have been hurt with that door?

"Mr. Storey: If the Court please, Mr. Robinson knows that is an improper question and I ask the Court to have it stricken from the record and ask for a mistrial at this time.

"The Court: I think it can go to the jury for what it is worth.

"Mr. Storey: The Court is going to permit a question like that?

"The Court: Yes, sir I think it is proper.

"Mr. Storey: I would like to object strongly to that question and renew my motion for a mistrial.

"The Court: Overruled, save your exceptions.

"Mr. Storey: Note the defendant's exceptions.

"Mr. Robinson:

"'Q.   Do you know that other people have been hurt on that door?

"A.   Yes, sir. Not that particular door though.

"Q.   The others are *just like* it, are they not?

"A.   Yes, sir." (Emphasis added.)

Appellant ably and vigorously argues that the trial court committed reversible error in refusing to strike or disallow the testimony previously set out, but we are unable to agree. As previously pointed out it was important for appellees to show appellant knew or should have known the dangerous condition of the door. The general rule which we think is applicable here is well stated, and sustained by many cited authorities, in 65 C.J.S. NEGLIGENCE § 234 (6), in this language:

"Where knowledge or notice of a danger or defect is in issue, evidence of the occurrence or near occurrence of other accidents or injuries at a particular place or from the doing of a particular act or the employment of a particular method or appliance on occasions prior to the one in question is admissible to show that the person charged knew or should have known of the danger therein or thereat . . . ."

In the early case of *Burdette Cooperage Co.* v. *Bunting,* 113 Ark. 45 (at pages 52-53), 167 S.W. 77 (at pages 79-80), a witness was asked if it was not generally known that the derrick (on which appellee was killed) was dangerous. The answer was "Yes". There was a general objection which was overruled by the trial court. This testimony was approved by us "as tending to establish notice on the employer's part of the defective character of the machinery. 'It is not competent to prove the ultimate fact that the instrumentality was actually an unsuitable one.' " In the case of *Haynes Drilling Corporation* v. *Smith,* 200 Ark. 1098, 143 S. W. 2d 27, where appellee was injured while working on a drilling rig owned by appellant, there appears the following statement.

"Mr. J. E. Senter testified that he had been informed that Wardlow, in charge of the night shift, had aad trouble with the slips. There was no error in permitting this testimony. It shows that Senter, who was the foreman, had notice of some defect or some difficulty with the slips, and there is no evidence that appellee knew anything about this."

It is noted that the testimony herein objected to by appellant was elicited by appellees on cross-examination of the manager of appellant's store and that in a sense the testimony was volunteered. This fact, we think, tends to allow appellant to seek a reversal based on its own testimony. At any rate the objection by appellant was general and not specific and therefore not sufficient where the testimony was admissible for any purpose. See *Lisko* v. *Uhren*, 130 Ark. 111, 196 S. W. 816. In an article in 15 Ark. L. Rev. 69 on the subject of "Objections to Evidence" we find the rule concisely stated at page 71 in these words: "If a particular piece of evidence is admissible for some purpose, the trial court does not err in admitting it over a general objection." (Cases cited.)

*Three.* We do not think the trial court erred in giving appellees' requested Instruction No. 1 which reads:

"Plaintiffs allege that the defendant was negligent in permitting to exist on its premises as defective, unsafe or dangerous condition and that injuries to Pattie Martin resulted therefrom. In that regard, you are instructed that the owner, occupant or person in charge of premises owes to invitees or business visitors thereon the duty of exercising reasonable care to keep the premises in a reasonably safe and suitable condition."

The contention by appellant that there is no evidence to justify or support the instruction has been answered already. Also, it is pointed out that appellant offered Instructions No. 5 and No. 8 which were similar in content to the one challenged.

*Four.* We are unable to say the judgment ($8,640) is excessive when we consider the evidence most favorable to appellee. The record contains testimony which, in substance, shows: she suffered great pain at the time of the injury and was taken to the clinic; she returned to the clinic the next day, her foot was put in a cast some nine days later—she stayed in the hospital five or six days; the pain continued after the cast was removed; she used crutches for a week and after that just hobbled along;

she is still not able to walk normally—the injured leg is one inch smaller than the other one—her ankle is stiff; she cannot wear high heels, and will never be able to dance again (as was the custom of her and her husband); the injury also aggravated a mild form of epilepsy which she suffered before the injury. The medical testimony shows she still suffers from pain and that she will so suffer in the future; that she will have medical expenses in the future, and she has a 15% or 20% permanent disability to the injured foot. We have said many times there is no definite or satisfactory rule to measure compensation for pain and suffering, that the amount of damages must depend upon the circumstances of each particular case, and much must be left to the discretion of the jury. *Chambliss* v. *Brinton,* 229 Ark. 526, 317 S. W. 2d 143; *Missouri Pacific R.R.* v. *Hendrix,* 169 Ark. 825, 277 S.W. 337; *Fletcher* v. *Johnson,* 231 Ark. 132, 328 S.W. 2d 373.

Affirmed.

HARRIS, C.J., and GEORGE ROSE SMITH, J., dissent.