James S. MOOSE, Jr. et al *v.*
David GREGORY et al

79-300                                   590 S.W. 2d 662

Opinion delivered November 13, 1979
(In Banc)

*Gordon, Gordon & Eddy,* for petitioner.

*Edmond M. Massey* and *W. P. Hamilton*, for respondents.

GEORGE ROSE SMITH, Justice. In this case the Court of

Appeals reversed the decision of the chancery court, essentially on the ground that the chancellor's conclusion was clearly against the preponderance of the evidence. *Gregory* v. *Moose,* 266 Ark. 926, 590 S.W. 2d 665 (Ark. App. 1979). The petitioners, in seeking a review of the decision of the Court of Appeals, summarize their argument in the closing language of their petition for review:

> The Court of Appeals reversed the findings of fact of the Chancellor when his findings were not clearly against a preponderance of the evidence. *Hackworth* v. *First National Bank,* 265 Ark. 668, 580 S.W. 2d 465.
>
> Public interest justifies a review, because it is of major importance and of first impression.

Counsel do not explain why the case is of major importance or in what way it is of first impression.

We are unanimously of the view that the petition for review should be denied. Ordinarily our order would be, simply: Petition denied. But the Court of Appeals is a new tribunal, created by the General Assembly under the authority of a constitutional amendment adopted only last year. Ark. Const. (1874), Amendment 58. This is one of the few petitions for review that have as yet been filed in the Supreme Court. It presents a peculiarly appropriate opportunity for us to explain why this petition, and similar ones that may be filed in the future, must be denied.

Amendment 58 contains only one sentence pertinent to questions of jurisdiction and review, as between the Supreme Court and the Court of Appeals: "The Court of Appeals shall have such appellate jurisdiction as the Supreme Court shall by rule determine, and shall be subject to the general superintending control of the Supreme Court." Thus the amendment entrusts to the Supreme Court complete responsibility for determining both the initial jurisdiction of the Court of Appeals and the extent to which its decisions are reviewable.

The really important problem has proved to be that of

determining how the Court of Appeals is to be fitted into the appellate system. It might be treated as a purely intermediate court, becoming merely an expensive and time-consuming level in the appellate structure. On the other hand, it might be treated as a court of final authority in the particular area of its own jurisdiction.

We adopted the latter view. We acknowledge our indebtedness to the wisdom of Dr. Robert A. Leflar, an outstanding professor of law and a former member of this court. Dr. Leflar repeatedly urged, from the time Amendment 58 was first proposed, that the new court should not merely add another step to the appellate process. To the contrary, Dr. Leflar urged that the proposed court of appeals have its own areas of jurisdiction, with corresponding final authority. It was Dr. Leflar's thought that cases requiring a determination of public policy or the setting of important precedent should be reserved for the Supreme Court, with more routine cases going to the Court of Appeals.

Last May, after the General Assembly had created the new Court of Appeals, we further implemented Amendment 58 by adopting and publishing Rule 29 of the Rules of the Supreme Court and Court of Appeals. That rule tentatively defines both the separate jurisdictions of the two courts and the narrow grounds on which a decision of the Court of Appeals will be reviewed by the Supreme Court. Fundamentally, Rule 29 embraces four basic points:

1. Certain cases, set forth in Section 1 of the rule, should be appealed to the Supreme Court in the first instance.

2. All other cases should be appealed to the Court of Appeals.

3. The Court of Appeals should transfer to the Supreme Court (a) any case that should have gone to the Supreme Court in the first instance and (b) any case that is found to involve an issue of significant public interest or a legal principle of major importance.

4. The Supreme Court may grant certiorari to review

any case that should have come to the Supreme Court originally, that should have been transferred to the Supreme Court by the Court of Appeals, or that was decided in the Court of Appeals by a tie vote. (Otherwise the decision of the Court of Appeals will not be reviewed.)

We should emphasize the fact that we adopted Rule 29 to put into effect the basic purpose of Amendment 58 to the Constitution. That is, the volume of litigation in Arkansas had grown to such an extent that it could not be handled promptly and properly by a single appellate court. Before the submission of Amendment 58 the Supreme Court's caseload had more than doubled in about 15 years. Appeals were being filed at the rate of almost two a day for each of the 365 days in the year. It had become impossible for one court of last resort to give careful consideration to every case.

Amendment 58 addressed the problem by authorizing the General Assembly to create a court of appeals to shoulder part of the burden. The Amendment, it may be noted, also authorized the General Assembly to create divisions within the court of appeals, to provide for a still greater caseload in the future. Lastly, Amendment 58 vested in the Supreme Court the power to determine the jurisdiction of the court of appeals, so that the total caseload might be apportioned between the two appellate courts.

Rule 29, with such modifications as experience may suggest, is designed to carry Amendment 58 into effect. Ideally, the Supreme Court and the Court of Appeals will each have its own field of primary jurisdiction. Ideally, each court will in effect be a court of last resort, with its decisions having a desirable finality. Ideally, it will be immaterial to the litigant whether his particular case goes to one court or to the other. In either event both parties will have the benefit of an appellate review by a multi-judge court composed of judges having exactly the same qualifications (as Amendment 58 specifies).

Our goal is to provide each litigant with the opportunity for one appeal only, not two. That is why, in the case at hand,

the petitioners' application for certiorari must be denied. The real question before the Court of Appeals was whether the chancellor's decision was clearly against the preponderance of the evidence. The court decided that question. There was no reason why the case should have come to the Supreme Court in the first instance or why it should have been transferred to us by the Court of Appeals. The decision of the Court of Appeals is therefore not subject to review under Rule 29.

Finally, we should state, as clearly and as unmistakably as we can, that the mere possibility that the Court of Appeals may have been wrong in a given case is not a basis for review by this court. No matter whether a particular case goes to one court or the other, the losing litigant understandably feels that the decision was wrong. And perhaps it was, no matter which court decided the case. No court is always right. But if we undertake to examine every decision of the Court of Appeals upon a mere suggestion of error, then we must ultimately read all the briefs and decide every case de novo, as if the Court of Appeals did not exist. There is no other possible course if we accept the position in effect argued by the present petitioners, that we should review the case simply because the Court of Appeals may have erred in finding that the chancellor's decision was against the weight of the proof.

We said early in this opinion that the case presents a peculiarly appropriate opportunity for us to explain our position. That is so because the opinion of the Court of Appeals is actually mistaken in one respect. In the trial court the present petitioners attacked the validity of a trustee's sale of land on two different grounds: first, that the trustee was mentally incompetent to make the sale and, second, that the trustee sold the property for an inadequate price. The chancellor found that the trustee was competent, but set aside the sale for inadequacy of price. The Court of Appeals refused to consider the issue of competency, because there was no cross appeal, but reversed the finding of inadequacy of price.

No cross appeal was necessary. It has long been the rule in Arkansas that the trial judge's decision will not be re-

versed if he reached the right result, even though he gave an erroneous reason. *Greeson* v. *Cannon,* 141 Ark. 540, 217 S.W. 786 (1920). Not infrequently we have affirmed a correct decision upon the very ground the trial judge erroneously rejected. See, for example, *Mobley* v. *Scott,* 236 Ark. 163, 365 S.W. 2d 122 (1963), and *McCrite* v. *Hendrix College,* 198 Ark. 1149, 133 S.W. 2d 31 (1939). A cross appeal is required only when the appellee seeks affirmative relief that he failed to obtain in the trial court, not when he won the case below and merely asks that the judgment be affirmed.

In the case at bar the error of the Court of Appeals has become immaterial in any event, because the petitioners did not complain of it either in their petition for rehearing in that court or in their petition for review. Hence we may fairly use the error as an illustration of why we cannot review decisions of the Court of Appeals, within its own area of jurisdiction, even though it might be argued that the decision was wrong.

Petition denied.

HARRIS, C.J., not participating.

BYRD, J., concurs in the result.