## Johnny WHITE et al *v.* WHITE, INC. et al

81-43 621 S.W. 2d 215

Supreme Court of Arkansas
Opinion delivered September 21, 1981

*Bill W. Bristow* of *Seay & Bristow,* for appellants.

*William B. Howard* of *Howard & Howard,* for appelles.

GEORGE ROSE SMITH, Justice. A threshold question is whether this appeal was properly filed in the Supreme Court

rather than in the Court of Appeals. We find that the case should have been filed in the Court of Appeals and therefore transfer it to that court. Rule 29 (3).

The details of the litigation are unimportant, it being enough to say that the case is a stockholders' suit brought by the appellants to obtain the dissolution of three family corporations. The decree (which appears to be final, not interlocutory) granted some but not all of the relief sought by the plaintiffs. Their notice of appeal recites that the appeal is taken to the Supreme Court pursuant to Rule 29 (1) (k), which pertains to interlocutory appeals, and on the additional basis that the case involves an issue of significant public interest and a legal principle of major importance. The appellants' jurisdictional statement preceding their abstract and brief asserts that "this matter should be heard in the Supreme Court pursuant to Supreme Court Rule 29 (3) and (4) in that an issue of significant public interest is involved and a legal principle of major importance will be established." No facts are set forth to support those jurisdictional assertions. The Clerk accepted counsel's statement and docketed the appeal in the Supreme Court.

We have explained in an earlier case that Rule 29 treats the Court of Appeals as a tribunal of final authority in the particular area of its jurisdiction, not as merely an additional and expensive and time-consuming level in the appellate structure. *Moose* v. *Gregory*, 267 Ark. 86, 590 S.W. 2d 662 (1979). To that end Rule 29 (1) states that *all* cases shall be appealed to the Court of Appeals *except* those falling within the jurisdiction of the Supreme Court, as defined in the various subsections of Rule 29 (1).

The appellants' jurisdictional statement does not invoke Supreme Court jurisdiction under any subsection of Rule 29 (1). Instead, it petitions the Supreme Court to accept the case under Rule 29 (3) and (4) as presenting an issue of significant public interest or a legal principle of major importance. That jurisdictional question, however, must be decided in the first instance by the Court of Appeals, not by counsel nor by the Clerk of the courts. The case must therefore be transferred to the Court of Appeals for further proceedings. It is so ordered.