Jones MORRISON et al *v.* Larone LOWE et al

81-109                                    625 S.W. 2d 452

Supreme Court of Arkansas
Opinion delivered December 7, 1981

*Charles S. Gibson,* for appellants and cross-appellees

*Honey & Rogers,* by: *Danny P. Rogers,* for appellees and cross-appellants.

ROBERT H. DUDLEY, Justice. This case involves a dispute between two families who were adjoining neighbors in a rural part of Cleveland County. One of the Lowes, appellees, shot some of appellants' hogs. That night a heated

phone conversation took place and the next day a shoot-out occurred. Serious physical injury was done to appellee Larone Lowe and appellee Floy Lowe suffered a loss of consortium. In *Morrison* v. *Lowe,* 267 Ark. 361, 590 S.W. 2d 299 (1979), we reversed and remanded after the first trial because inadmissible and prejudicial testimony had been allowed. The case was retried and the result was a judgment in favor of appellees, with $350,000 in compensatory damages and $50,000 in punitive damages being awarded appellee Larone Lowe and with $100,000 being awarded Floy Lowe for loss of consortium. Appellants moved in the alternative that the judgments be reduced or that they be given a new trial. The trial court ordered a new trial if appellees did not agree to remittiturs of $200,000 by appellee Larone Lowe and $70,000 by appellee Floy Lowe. The appellees accordingly remitted part of the damage awards. Appellants subsequently filed this appeal on an evidentiary point and the appellees cross-appeal on the ground that the trial court erred by ordering them to remit. We affirm on direct appeal and affirm in part and reverse in part on cross-appeal.

Appellees, in order that they may present their cross-appeal, have deliberately chosen not to question the right of appellants to lodge this appeal. That issue, if it were before us, would be: Has a defendant impliedly consented to a reduced judgment and barred himself from appeal when he had previously moved in the alternative that a judgment against him be reduced or that he be granted a new trial and the judgment was reduced?

At trial the appellants sought to prove the emotional instability of appellee Floy Lowe in 1972. Dr. Crenshaw testified that he had not seen her in 1972 but that she had been seen by his associate. He then testified from their 1972 medical records. The attorney for appellants left the subject matter of medical records, an exception under Rule 803 (4), Arkansas Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979), and asked about conclusions reached by the associate. Dr. Crenshaw testified that he did not recall his associate's conclusion about Floy Lowe's mental stability. A series of statements by the court and the attorneys took place and the witness was eventually asked if he testified

about his associate's conclusion at the first trial. Dr. Crenshaw recalled testifying, but did not think that he had testified about the conclusion of his associate. Appellant sought to put the former testimony in evidence but the court sustained an objection. Appellant contends that the trial court committed error because Rule 80 of the Arkansas Rules of Civil Procedure, Ark. Stat. Ann. Vol 3A (Repl 1979), as implemented by Rule 801 (d) (1) (i) of the Arkansas Rules of Evidence, supra, allows the introduction of former testimony. Rule 80 of the Arkansas Rules of Civil Procedure is as follows:

> When admissible, the testimony of any witness given in any court at any former trial between the same parties or their privies and involving the same issue or claim for relief may be proved by the duly certified transcript thereof.

Rule 801 (d) (1) (i), Arkansas Rules of Evidence, is as follows:

> Statements Which are Not Hearsay. A statement is not hearsay if: (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (i) inconsistent with his testimony and, if offered in a criminal proceeding, was given under oath and subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a disposition [deposition], . . .

The procedure of impeaching a witness by prior inconsistent statements is established by Rule 613.

If appellants were correct in their analysis, the question would be whether the former testimony can be considered to be inconsistent with the present disavowal of memory. See *Chisum v. State*, 273 Ark 1, 616 S.W. 2d 728 (1981). However, we do not reach that issue for the testimony, although admitted at the first trial, was hearsay testimony and could have been excluded at the first trial. Rule 80 does not change the general rule that testimony given by a witness at a first trial,

if used at a subsequent trial, is open to all proper objections which would exclude the testimony on the basis of relevancy or competency. The ruling of the trial judge excluded this hearsay testimony and, while he gave the wrong reason, we will not reverse the ruling if it gives the correct result. *Moose v. Gregory*, 267 Ark. 86, 590 S.W. 2d 662 (1979). We affirm on direct appeal.

On cross-appeal the Lowes contend that the trial court erred in ordering them to remit a part of their judgments. The cross-appellees, Morrisons, contend that when the Lowes accepted the reduced judgments rather than have a new trial, they made an election of remedies and this precludes the remittitur from being reviewed on appeal. This is a matter of first impression in Arkansas. ". . .[T]he general rule seems to be that, when the trial court has ruled that the amount of the verdict is excessive, but has permitted the plaintiff to elect between a reduction of the verdict and a new trial, a plaintiff who has elected a reduction of his verdict is bound thereby and may not appeal." 4 Am. Jur. 2d, *Appeal and Error* § 245 (1962) citing *Fulton v. Ewing*, 336 Mich. 51, 57 N.W. 2d 441 (1953); *Sergeant v. Watson Bros. Transportation Co.*, 244 Iowa 185, 52 N.W. 2d 86 (1952), and *Florida East Coast Railroad Co. v. Buckles*, 83 Fla. 599, 92 So. 159 (1922). See also Annotation, 16 ALR 3d 1327, *Party's Acceptance of Remittitur in Lower Court As Affecting His Right to Complain in Appellate Court As To Amount of Damages for Personal Injury*. The underlying objective of a plaintiff in accepting a judgment for a reduced amount is to avoid the delay and expense involved in an appeal. But if the defendant appeals, the objective is negated and the plaintiff is forced to undergo the delay and expense which he had hoped to avoid by accepting the lower amount. Under these circumstances it would be unfair to deny the plaintiff a review of the trial court's action in reducing the damages. *Plesko v. Milwaukee*, 19 Wis. 2d 210, 120 N.W. 2d 130, 16 ALR 3d 1315 (1963). It would be patently unfair in this particular case where the defendant has filed a direct appeal. The effect would be to hold that the plaintiff consented to the reduced judgment and is barred from appeal while the defendant supposedly did not consent to the judgment even though he asked for it and is not barred from appeal. We choose the

more equitable procedure and hold that plaintiff's election to accept the trial court's conditional order by consenting to the remittitur does not bar plaintiff, upon defendant's appeal, from cross-appealing.

The trial court's order of remittitur recites that "compensatory damages for Larone Lowe and Floy Edelle Lowe were not given under the influence of passion or prejudice. . ." but that "compensatory damages for both were excessive based on evidence presented at trial and Larone Lowe should remit his compensatory damages from $350,-000 to $150,000 and Floy Lowe should remit her compensatory damages for loss of consortium from $100,000 to $30,000; otherwise a new trial would be ordered." In his finding of fact the trial judge stated that the amount of damages is a matter of law and not a question of fact.

Ark. Stat. Ann. § 27-1903 (Repl. 1979) provides that in cases where damages are not susceptible of definite measurement a remittitur shall be ordered only where the judgment is rendered under the influence of passion and prejudice. This statute was not repealed by the Rules of Civil Procedure. See Per Curiam of statutes superseded, Compiler's Notes to Rule 1, Ark. Stat. Ann. Vol. 3A (Repl. 1979). However, this statute is not the basic authority for the reduction of a jury verdict. Remittitur is within the inherent power of a court. *Dorey* v. *McCoy*, 246 Ark. 1244, 442 S.W. 2d 202 (1969). Our well established rule is that the jury has much discretion in determining the amount of damages in personal injury cases and we will not disturb a jury's verdict unless that verdict is shown to have been influenced by prejudice or is so grossly excessive as to shock the conscience of the court. *Grandbush* v. *Grimmett*, 227 Ark. 197, 297 S.W. 2d 647 (1957).

In the case at bar the trial court specifically found that compensatory damages were not given under the influence of passion and prejudice. Quite obviously a remittitur was not ordered on that ground. Neither did the trial court find that the amount of damages shocked the conscience of the court. A belief by a trial court that damages are excessive is not, standing alone, a sufficient ground for ordering a reduc-

tion. If that was the standard, the great discretion of the jury would be abrogated.

However, we sustain the trial court's judgment if it is right, even though the court gives the wrong reason. *Moose v. Gregory,* supra. We have examined the record de novo to see if the amount of the judgment shocks the conscience of this court. If we find that it does, we may order a further reduction of the judgment, see *Dierks Lumber & Coal Co. v. Noles,* 201 Ark. 1088, 148 S.W. 2d 650 (1941), or we may restore some or all of the original judgment. We are not bound to affirm or reverse solely on the amounts of the original and reduced judgments. We have long recognized there is no definite and satisfactory rule to measure compensation for pain and suffering and that the amount of damages must depend on the circumstances of each particular case. *Sterling Stores Co. v. Martin,* 238 Ark. 1041, 386 S.W. 2d 711 (1965). In this case Larone Lowe's medical bills were $6,500. He has suffered and will suffer extreme pain and mental anguish and has lost most of the use of his hands. He has lost his ability to do physical work and this disability will continue. He suffered gross and gory disfigurement to his hands when parts of both hands were blown away by high powered rifles. He lost fingers and the remaining parts of his hands are good only for a light pinching action. The original award of $350,000 to Larone Lowe was not made under the influence of passion or prejudice, nor is it so great that it shocks the conscience of the court. The order of remittitur in the case of Larone Lowe is reversed and the cause remanded with instructions to reinstate the judgment.

Floy Lowe's recovery of $100,000 was based solely on loss of consortium. Her testimony about her loss of consortium is that her husband was hospitalized for five or six weeks and they did not sleep together for four or five months. No other proof going to a loss of consortium was in evidence and the jury could not speculate on other possible elements of damages. For example, they could not guess whether the partial loss of Larone Lowe's hands interfered with their conjugal relationship. There is no testimony on this, or any other, element of damages in the loss of consortium except that they were unable to sleep together for four or five

months. On the other hand, most of the rest of her testimony related to additional work she must do because of her husband's disabilities. We have often reduced consortium awards to a wife because the jury considers matters of the husband's recovery also to be matters embraced within consortium. *Scheptmann v. Thorn,* 272 Ark 70, 612 S.W. 2d 291 (1981); *White v. Mitchell,* 263 Ark. 787, 568 S.W. 2d 216 (1978); *Scott v. Jansson,* 257 Ark. 410, 516 S.W. 2d 589 (1974); *Arkansas Louisiana Gas Co. v. Strickland,* 238 Ark. 284, 379 S.W. 2d 280 (1964). The same is true in the case at bar. Construing the testimony most favorably to Floy Lowe, we cannot sustain an award of more than $30,000 for loss of consortium. The order of remittitur in the case of Floy Lowe is affirmed.

Affirmed on direct appeal.

Reversed on cross-appeal of Larone Lowe.

Affirmed on cross-appeal of Floy Lowe.

The Chief Justice and Justices Hickman and Hays concur in part and dissent in part.

STEELE HAYS, Justice, concurring in part; dissenting in part. I agree with the majority opinion entirely up to the point of affirming the trial court's reduction of the amount awarded for loss of consortium and there we part company.

The same principles govern the damages awarded Mrs. Floy Lowe for her loss as govern the damages awarded to Larone Lowe for his injuries and yet the majority opinion in effect approves one and disapproves the other with no satisfactory explanation. This action flies full in the face of Ark Stat. Ann. § 27-1903 (Repl. 1979), inasmuch as the trial judge made a finding that the verdicts were not the result of passion or prejudice.

As recently as March we reaffirmed the settled law that a jury verdict which does not shock the conscience of the court should not be reduced. *Scheptman v. Thorn,* 272 Ark. 70, 612 S.W. 2d 291 (1981). My conscience is not shocked in the least

by the amount awarded to Mrs. Lowe under the circumstances of this case. Her husband was grossly disfigured and permanently disabled as the result, not of negligent acts, but of calculated and intentional acts. To suggest that her loss was confined to the four or five months she slept alone while her husband was hospitalized and recuperating ignores both the evidence and common experience. I respectfully dissent from the part of the opinion.

Adkisson, C.J. and Hickman, J., join in this concurrence and dissent.