Jerry W. MARTIN and ARKANSAS TRANSPORT COMPANY *v.* George RIEGER

86-69                                711 S.W.2d 776

Supreme Court of Arkansas
Opinion delivered June 23, 1986
[Rehearing denied July 21, 1986.*]

---

* Holt, C.J., not participating; Hickman, and Purtle, JJ., would grant.

*Friday, Eldredge & Clark*, by: *William M. Griffin, III*, for appellant.

*Malcolm R. Smith*, for appellee.

ROBERT H. DUDLEY, Justice. Appellee, George Rieger, in his individual capacity and as executor of the estate of Ruth Rieger, brought this car-truck action for wrongful death, mental anguish, loss of consortium, funeral expense, and property damage. The jury returned a verdict of $400,000.00 against the driver of the truck, appellant, Jerry W. Martin, and his employer, appellant, Arkansas Transport Company. The Court of Appeals certified the tort case to this Court. Ark. Sup. Ct. R. 29(1)(o). We affirm if the appellee elects to remit $8,000.00 within seventeen days, otherwise the cause will be remanded for a new trial.

At about 1:15 on the afternoon of July 9, 1984, witness Kathy Barnett stopped her car on Highway 165 about nine miles north of England. Her car was facing in a northerly direction and she was preparing to turn left into her driveway. A truck tractor, without a trailer, driven by appellant Jerry W. Martin and owned by appellant Arkansas Transport Company came up behind witness Barnett. Appellant Martin admitted he was driving the tractor between 55 and 58 miles per hour. He also admitted knowing that a tractor without a trailer is more difficult to stop than one with a trailer because the trailer keeps the back wheels of the tractor from bouncing off the road when the brakes are applied. He saw witness Barnett's car when he came around a curve but did not apply his brakes until after he had driven an additional 250 feet because he thought she would complete her turn to the left off the highway. When he realized she was not going to complete her turn, he applied the brakes. The rear wheels of his tractor bounced and skidded, and he saw he was going to hit witness Barnett. He decided to turn off the road. He turned left, rather than right, and crossed over the center line. At that

moment Ruth Rieger, the decedent, approached from the opposite direction. She saw the tractor coming toward her and applied her brakes. The tractor skidded a total of 345 feet, hit Mrs. Rieger, and killed her.

Appellants argue that the trial court erred when it failed to direct a verdict in their favor because there was no substantial evidence of negligence. The argument is without merit. The standard for the granting of a directed verdict for a defendant has been set out many times. As explained in *St. Louis S.W. Ry. Co.* v. *Farrell*, 242 Ark. 757, 416 S.W.2d 334 (1967):

> A directed verdict for the defendant is proper only when there is no substantial evidence from which the jurors as reasonable men could possibly find the issues for the plaintiff. In such circumstances the trial judge must give to the plaintiff's evidence its highest probative value, taking into account all reasonable inferences that may sensibly be deduced from it, and may grant the motion only if the evidence viewed in that light would be so insubstantial as to require him to set aside a verdict for the plaintiff should such a verdict be returned by the jury.

Here, there was substantial evidence from which the jury could find that appellant Martin was negligent in driving too fast under the circumstances, or negligent in failing to apply his brakes immediately, or negligent in turning across the center line of the highway.

Appellants next argue that the trial court erred in refusing to direct a verdict on the claim for mental anguish where no more than normal grief was shown by the survivor.

The General Assembly has clearly stated that the public policy of this State is to allow recovery for wrongful death and for the mental anguish of survivors of the deceased. Ark. Stat. Ann. §§ 27-906 to -910 (Repl. 1979). The application of the mental anguish statutes to particular fact situations has given us difficulty through the years simply because mental anguish of all survivors is a natural incident of practically every wrongful death. We have construed the statutes to mean that the proximity of relationship between the deceased and the survivors is the most significant factor in determining whether recovery is allowable.

Distant relatives generally have no more than normal grief and will not be allowed to recover without establishing something more.

In *St. Louis S.W. Ry. Co.* v. *Pennington*, 261 Ark. 650, 553 S.W.2d 436 (1977), we stressed the relationship between the deceased and the survivors. We listed the following factors for evaluating the relationship:

(1)  The duration and intimacy of the relationship and the ties of affection between decedent and survivor.

(2)  Frequency of association and communication between an adult decedent and an adult survivor.

(3)  The attitude of the decedent toward the survivor, and of the survivor toward the decedent.

(4)  The duration and intensity of the sorrow and grief.

(5)  Maturity or immaturity of survivor.

(6)  The violence and suddenness of the death.

(7)  Sleeplessness or troubled sleep over an extended period.

(8)  Obvious extreme or unusual nervous reaction to the death.

(9)  Crying spells over an extended period of time.

(10)  Adverse effect on survivor's work or school.

(11)  Change of personality of the survivor.

(12)  Loss of weight by survivor and other physical symptoms.

(13)  Age and life expectancy of the decedent.

Here, the survivor and the decedent had been married for forty-four years, were very close, and had strong ties of affection. For years they had worked closely together in their business. The decedent suffered a sudden and violent death. The survivor's grief was evident. The survivor suffered sleeplessness to the extent that his sleeping pill prescription was refilled 5 or 6 times. The foregoing constitute substantial evidence to support

the award. The trial court correctly refused to direct a verdict on the claim for survivor's mental anguish.

The appellants next contend that the trial court erred in refusing to order a remittitur of damages for mental anguish and loss of consortium.

Our basic law on remittitur is set out in *Morrison* v. *Lowe*, 274 Ark. 358, 625 S.W.2d 452 (1981):

> Ark. Stat. Ann. § 27-1903 (Repl. 1979) provides that in cases where damages are not susceptible of definite measurement a remittitur shall be ordered only where the judgment is rendered under the influence of passion and prejudice. This statute was not repealed by the Rules of Civil Procedure. See Per Curiam of statutes superseded, Compiler's Notes to Rule 1, Ark. Stat. Ann. Vol. 3A (Repl. 1979). However, this statute is not the basic authority for the reduction of a jury verdict. Remittitur is within the inherent power of a court. *Dorey* v. *McCoy*, 246 Ark. 1244, 442 S.W.2d 202 (1969). Our well established rule is that the jury has much discretion in determining the amount of damages in personal injury cases and we will not disturb a jury's verdict unless that verdict is shown to have been influenced by prejudice or is so grossly excessive as to shock the conscience of the court. *Grandbush* v. *Grimmett*, 227 Ark. 197, 297 S.W.2d 647 (1957).

Here, there is no showing that the verdict was influenced by passion, and the verdict, while high, is not so grossly excessive as to shock our conscience.

The next argument is the one we find most difficult. Before trial the appellants propounded interrogatories to appellee in which they asked the identity and location of all witnesses to the accident. In addition, appellee was asked to supplement the response in the event additional witnesses were discovered. Appellee agreed to do so. After the original interrogatories had been answered, and about 30 days before trial, appellee discovered two additional witnesses. Appellee's attorney did not disclose the additional witnesses before the trial. Then, at trial, appellee attempted to introduce testimony from those two undisclosed witnesses. Upon objection, the trial court refused to allow

the testimony. Appellants argue that the trial court erred in failing to order a new trial because of the failure to disclose.

It is the duty of an attorney to be completely candid with members of the bar and with the court. The knowing concealment of eyewitnesses is unquestionably a violation of that duty. While the members of this Court are in complete agreement that the attorney's action was wrong, we do not feel that the trial judge abused his discretion in refusing to grant a new trial. After the verdict, the appellants filed a motion for new trial alleging, among other points, that the failure to disclose the witnesses was a ground for a new trial. The appellee responded with an affidavit from the witnesses which clearly shows that the witnesses would have testified in accordance with appellee's view of the accident. The trial court ruled:

> The undisclosed witnesses were withdrawn by the Plaintiff when his attorney was confronted with the interrogatory requesting their disclosure. This could, at times, be grounds for a continuance or a new trial. However, in this case, there is absolutely no showing of prejudice to the Defendant. Therefore, it would be silly to order a new trial when foreknowledge of the witnesses could not change the Defendant's case, and might even help the Plaintiff's case.

The appellants in their argument on this point have not demonstrated any prejudice, and we cannot find any. Accordingly, we hold that the trial court did not abuse its discretion in refusing to grant a new trial because of the failure to disclose witnesses.

Appellants' last argument is that the trial court should have directed a verdict on the claim for property damage because appellee did not establish the value of his car immediately before and immediately after the accident. They further argue that the trial court's failure to do so requires a reversal of the entire case because a general verdict is a complete entity which cannot be disturbed. The appellant is partially correct. The trial court erred in refusing to grant a directed verdict on the issue of property damages since the appellee only proved the value of the car before the accident but failed to prove the value after the damage occurred. *See* Ark. Stat. Ann. § 75-919.1 (Repl. 1979). Appellants contend this error requires reversal of the entire case

because single verdicts may not be divided. Appellants' argument states the general rule, but there is an exception when the error relates to a separable item of damages. In *Swenson* v. *Hampton*, 244 Ark. 104, 424 S.W.2d 165 (1968) we explained:

> When the only error relates to a separable item of damages a new trial can sometimes be avoided by the entry of a remittitur. *St. Louis, I.M. & S. Ry.* v. *Bird*, 106 Ark. 177, 153 S.W. 104 (1913). Such a remittitur is fixed by the highest estimate of the element of damage affected by the error. *Surridge* v. *Ellis*, 117 Ark. 223, 174 S.W. 537 (1915).

Here, the property damage is a separable item of damages. The most the property damage could have amounted to is $8,000.00. If the appellee agrees to remit $8,000.00 within seventeen days, the rest of the judgment will be affirmed. Otherwise, the cause must be remanded for a new trial.

Affirmed upon agreement of remittitur.